UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>DOES 1 – 1,058,<br><br>        Defendants. | Civil Action No. 12-0048 (BAH)<br>Judge Beryl A. Howell |

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

Upon consideration of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), and it appearing that there is good cause to grant the relief requested therein based upon Plaintiff's necessity to serve subpoenas upon Internet Service Providers ("ISPs") to ascertain the identity of the putative Defendants in this case, it is hereby

**ORDERED** that Plaintiff's Motion is **GRANTED**; and it is further

**ORDERED** that the Plaintiff is allowed to conduct immediate discovery on the ISPs listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45, which shall seek the following limited information sufficient to identify only the putative Defendants listed in Exhibit A to the Complaint:  name, current and permanent address, telephone number, e-mail address, and Media Access Control (MAC) Address; and it is further

**ORDERED** that the Plaintiff may also serve a Rule 45 subpoena upon any intermediary ISP that may be identified in response to a subpoena as providing internet services to one or more of the putative defendants listed in Exhibit A to the Complaint; and it is further

1

**ORDERED** that the ISPs listed in Exhibit A to the plaintiff's Complaint must be served with a subpoena within 14 days of this Order.  A subpoena served on an ISP listed in Exhibit A to the Complaint after 14 days of this Order is not authorized; and it is further

**ORDERED** the ISP shall provide any affected subscribers with the Court-directed notice, which is attached as Appendix A to this Order; and it is further

**ORDERED** that if the ISP and/or any putative Defendant wishes to modify or quash a subpoena, such party must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service; and it is further

**ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is further

**ORDERED** that, should the plaintiff extend for any reason the return date of the subpoenas issued to the ISPs beyond the return date of 30 days, the plaintiff shall provide the Court with a status report on May 29, 2012, which shall detail for each ISP (1) the reason for the extension of the return date; (2) the date on which a subpoena was issued to the ISP; (3) the number of IP addresses for which identifying information has been requested from and produced by the ISP; (4) the agreement, if any, that plaintiff's counsel has in place regarding the timetable for production of identifying information; and (5) the specific date when the plaintiff expects to complete receipt of the identifying information from the ISP; and it is further

**ORDERED** that Plaintiff shall provide each subpoenaed ISP with a copy of this Order; and it is further

**ORDERED** that the Plaintiff shall re-file Exhibit A to the Complaint, by February 5, 2012, after numbering each listed IP address.

**SO ORDERED**

**DATED:  JANUARY 30, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

## **APPENDIX A**

### **READ AT ONCE**

### **COURT-DIRECTED NOTICE**
### **REGARDING ISSUANCE OF SUBPOENA**
### **SEEKING DISCLOSURE OF YOUR IDENTITY**

A legal document called a subpoena has been sent to your Internet Service Provider requiring the disclosure of the following information about you: name, current (and permanent) addresses, telephone number, and your email address and Media Access Control number. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the District of Columbia.

The Plaintiff in this lawsuit alleges that various people have infringed its copyright by illegally downloading and/or distributing its movie: "Popular Demand." The Plaintiff does not know the actual names or addresses of these people, but only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity. The Plaintiff has issued subpoenas to various Internet Service Providers to determine the identity of the subscribers of these IP addresses.

If you are receiving this notice, that means the Plaintiff has asked your Internet Service Provider to disclose to the Plaintiff your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking this information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time that this IP address was allegedly used to download or upload the particular movie.

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiff receives your identification information from your Internet Service Provider, you may be added as a named defendant to its lawsuit.

INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED,
BUT IT WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT
CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiff.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. If you would like legal advice you should consult an attorney. Below you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

You have 14 days from the date of this notice to file a motion to quash or vacate the subpoena. You must also notify your ISP.

If you file a motion to quash the subpoena, your identity will not be disclosed by your ISP until the court makes a decision on your motion. If you do nothing, then after 14 days your ISP must send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's "Consumers' Guide to Legal Help" can be found on the Internet at http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

The Bar Association of the District of Columbia has a Lawyer Referral Service that can be reached at 202-296-7845.

To maintain a lawsuit against you in the District Court for the District of Columbia, the court must have personal jurisdiction over you. You may be able to challenge the District Court for the District of Columbia's personal jurisdiction over you. Please note that even if your challenge is successful, the Plaintiff may still file a lawsuit against you in the state in which a court has personal jurisdiction over you.

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at _____, by fax at _____ or by email at _____. Please understand that these lawyers represent the company that has requested your identifying information in connection with the lawsuit. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.