## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case : 1:12-cv-00048** |
| | ) | |
| DOES 1 – 1058, | ) | **Judge : Hon. Beryl A. Howell** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Plaintiff AF Holdings LLC ("AF Holdings"), pursuant to Federal Rule of Civil Procedure ("Rule" or "Rules") 45(c)(2)(B)(i), hereby moves this Court to enter an order compelling nonparty subpoena recipient Comcast Cable Communications LLC ("Comcast") to produce documents called for in a subpoena *duces tecum* issued by AF Holdings to Comcast. Plaintiff served the subpoena (the "Subpoena") on Comcast on February 2, 2012 in accordance with the Court's Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. (ECF No. 5.) In support of its motion, AF Holdings states:

On February 2, 2012, AF Holdings served the Subpoena on Comcast. Fourteen days later, on February 16, 2012, Comcast objected to the Subpoena on four separate grounds: inadequate time for compliance, inadequate assurance of payment, improper joinder and lack of personal jurisdiction. After a good faith meet-and-confer conference on the same day, Comcast agreed to withdraw its objection regarding assurance of payment, but indicated it would stand on its remaining objections.

Comcast's objections offer no proper basis under the Rules upon which to excuse its compliance with the Subpoena. Comcast's objection for inadequate time for compliance is

1

factually baseless. Further, nonparty Comcast's concerns regarding personal jurisdiction and joinder are not a legitimate basis for objecting to the Subpoean.

As discussed in the attached memorandum of law, which is incorporated herein by reference, Comcast's objections lack legal merit and factual support.

Respectfully submitted,

AF Holdings LLC

**DATED**: February 17, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| AF HOLDINGS LLC, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| v. | )   **Case : 1:12-cv-00048** |
| | ) |
| DOES 1 – 1058, | )   **Judge : Hon. Beryl A. Howell** |
| | ) |
|      **Defendants.** | ) |
| _____ | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Plaintiff AF Holdings LLC ("Plaintiff") the owner of the copyrighted creative work at issue in this action, seeks to compel nonparty subpoena recipient, Comcast Cable Communications LLC ("Comcast") to produce the documents called for in Plaintiff's subpoena *duces tecum* ("Subpoena"). (A true and correct copy of which is attached hereto as Exhibit A.) The Court should grant this motion because Comcast's objections offer no proper basis under the Federal Rules of Civil Procedure upon which to excuse its compliance with the Subpoena. Moreover, Comcast's objections lack legal merit and factual support.

**BACKGROUND**

On January 11, 2012, Plaintiff AF Holdings LLC brought a copyright infringement action against unnamed defendants, alleging that the putative defendants illegally copied and distributed its copyrighted work to others over the Internet.  (Compl., ECF No. 1.) Along with its Complaint, Plaintiff submitted an Exhibit of a list of ISPs and IP addresses associated with the infringing activities. (Compl., Ex. A.) On January 18, 2012, Plaintiff moved for expedited discovery to obtain certain identifying information for the putative defendants. (Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference, ECF No. 4.)

1

On January 30, 2012, The Court's granted Plaintiff leave to issue subpoenas *duces tecum* to various Internet service providers ("ISPs") for production of identifying information with respect to the Internet protocol ("IP") addresses of the putative defendants. (Order Granting Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference, ECF No. 5.) In accordance with this Order, Plaintiff issued subpoenas to various ISPs, including Comcast. (Ex. A.) Fourteen (14) days later, on February 16, 2012, Comcast objected to Plaintiff's subpoena on four independent grounds. (A true and correct copy of which is attached hereto as Exhibit B.)

Counsel for Plaintiff held a meet-and-confer conference via telephone with counsel for Comcast on February 16, 2012.  After good faith attempts to resolve their differences, the parties were able to resolve one of Comcast's objections—assurance of reimbursement for the cost of production. This objection has been withdrawn. However, the parties were unable to reach an accord with respect to Comcast's three remaining objections or otherwise narrow the scope of these objections.

Counsel for Comcast indicated in both its February 16, 2012 letter and during the meet-and-confer that Comcast intended to produce no documents responsive to the Subpoena, and that its objections were its only intended response.  For the reasons set forth below, Comcast has not identified a single valid basis to avoid compliance with the Subpoena.  Plaintiff therefore respectfully requests that this Court grant this motion to compel, and direct Comcast to immediately produce any and all information within its possession, custody and control that is responsive to the Subpoena.

## DISCUSSION

Comcast's opening objection is that there is no "valid court order that recognizes that [the Court] will ultimately have jurisdiction over the unnamed subscribers." (Ex. B. at 3.) Its next objection is that there is no valid court order regarding "whether [the unnamed subscribers] may

be properly joined." (*Id.*) Its final objection is that the subpoena may not provide for "a reasonable time to fulfill any large order." (*Id.*)

Comcast recognizes that the "U.S. District Court for the District of Columbia has in the past upheld certain subpoenas despite joinder and personal jurisdiction objections similar to those we set forth below." (*Id.* at 1.) Nevertheless, Comcast stated that, "[it] will not notify our subscribers or produce documents or any other information identifying subscribers associated with the IP addresses in the Subpoena." (*Id.* at 3.) For the reasons set forth herein, the Court should grant Plaintiff's motion to compel Comcast's compliance with the subpoena.

   **a. Legal Standard**

Federal Rule of Civil Procedure ("Rule" or "Rules") 45, among other things, sets forth an exhaustive list of grounds on which a subpoena may be quashed or modified:

Rule 45(c)(3) *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;

      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv) subjects a person to undue burden.

   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information;

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

3

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**b.  Comcast's Personal Jurisdiction Objection is Erroneous and Premature**

Comcast objects on the basis that there is no "valid court order that recognizes that [the Court] will ultimately have jurisdiction over the unnamed subscribers." (Ex. B. at 3.) Comcast's personal jurisdiction objection is erroneous and premature.

Comcast's personal jurisdiction objection is erroneous because it suffers from at least two fatal procedural defects. First, personal jurisdiction objections do not fall on Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. The objection should be denied on this basis alone. Second, Comcast has no colorable basis for claiming standing to challenge the Court's exercise of personal jurisdiction over Comcast's *subscribers*, who will have their own opportunity to object to personal jurisdiction at the appropriate stage of the litigation.

Perhaps recognizing the fatal procedural defects associated with its opening objection, Comcast makes a tenuous attempt to link personal jurisdiction with the Communication Act's "court order" requirement. 47 U.S.C. § 551(c). In essence, Comcast argues that the Communications Act imposes on Comcast an obligation to confirm that the court order authorizing disclosure of its subscribers' information contains a finding that the court would have personal jurisdiction over the subscribers. This argument is entirely unsupported by the Communications Act or any interpreting authority, including the *Sony Music* decision, which instead requires a copyright holder to make a *prima facie* showing of copyright infringement before revealing the identity of an anonymous copyright infringer. *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). Comcast's proposed finding regarding personal jurisdiction would be impossible to make at this stage of the litigation when the Court has limited

4

means to assess personal jurisdiction. *First Time Videos, LLC v. Does 1–76*, No 11 C 3831, 2011 WL 3586245, at *5 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) ("I lack sufficient information for evaluating … jurisdictional defenses.")

Beyond these procedural defects, Comcast's personal jurisdiction objection is premature. Comcast asks the Court to reach a preliminary finding on personal jurisdiction, ostensibly based on the allegations contained in Plaintiff's complaint. The Court should deny this request. *See Anger v. Revco Drug Co.*, 791 F.2d 956 (D.C. Cir. 1986) ("[T]he Federal Rules of Civil Procedure indicate that personal jurisdiction is a matter to be raised by motion or responsive pleading, not by the court *sua sponte*.")

Plaintiff is not required to "prove" personal jurisdiction at this stage of the litigation. It is well-established that personal jurisdiction does not even have to be pled. *See, e.g., Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion under Rule 12(b)(2) …."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474-75 (D. Del. 1995) (noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A defendant who:

> receives a complaint and summons from a court in another
> jurisdiction and believes she is not subject to that court's
> jurisdiction … has several alternatives available to her. First, she
> may ignore the complaint and summons and then, if a default

> judgment is issued against her, may challenge the issuing court's
> jurisdiction in a collateral proceeding (presumably closer to
> home or other assets) when the plaintiff seeks to enforce the judgment.
> Second, she may voluntarily waive any lack of personal
> jurisdiction and submit to the district court's jurisdiction. Third,
> she may appear in the distant court for the limited purpose of
> deciding the jurisdictional issue.

*Ellis v. Fortune Seas Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997). Only if the third scenario

presents itself would the Court have cause to address personal jurisdiction. *Id.*

At this stage of the litigation, no defendant has been named or served with process.

Accordingly, the Court is not exercising jurisdiction over any defendant and discussion of

personal jurisdiction is premature. The Court has previously issued an authoritative decision on

this issue. *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011).

The Court's decision followed and developed existing persuasive authority. *See, e.g.*, *Arista

Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) (Kollar-Kotelly, J.); *London-

Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 & n.7, 180–81 (D. Mass. 2008); *Sony

Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567–68 (S.D.N.Y. 2004).

Furthermore, the Court's decision in *Call of the Wild* has been repeatedly reaffirmed by

the Court, as well as by the Court's esteemed colleagues within the District Court for the District

of Columbia. *See, e.g.*, Order, *Imperial Enters. Inc. v. Does 1–3,145*, No. 11-529 (RBW) (D.D.C.

Aug. 30, 2011), ECF No. 43 at *3–5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1–5,829*, No.

11-57 (CKK), 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball

Movie, LLC v. Does 1–171*, No. 10-1520 (BAH), ____ F. Supp. 2d ____, 2011 WL 1807452, at

*4–9 (D.D.C. May 12, 2011) (Howell, J.); *Voltage Pictures, LLC v. Does 1–5.000*, No. 10-0873

(BAH), ____ F. Supp. 2d. ____, 2011 WL 1807438, at *4–9 (D.D.C. May 12, 2011) (Howell,

J.)

Similarly, the *Call of the Wild* decision has influenced federal courts across the nation, which have affirmed and followed its principles and reasoning. Order Den. Doe Defs.' Mot. to Quash, *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at 3:22–4:8 ("[A] a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); Order, *Hard Drive Productions, Inc. v. Does 1-31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at 5 (finding personal jurisdiction argument "unavailing and premature" because "it remains unclear whether this individual is a party to the litigation" and "the Court lacks sufficient information at this stage of the proceedings"); Order, *Hard Drive Productions, Inc. v. John Does 1–44*, No. 11-2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 at 2 (Holderman, C.J.) ("[Movant] has not yet been named as a defendant in this case, nor has he been served with process pursuant to Rule 4. Unless and until [movant] has been officially brought into this case, the question of personal jurisdiction remains unripe for resolution by the court.")

### c.  Comcast's Joinder Objection is Erroneous and Unavailing

Comcast objects on the basis that there is no valid court order regarding "whether [the unnamed subscribers] may be properly joined." (Ex. B at 3.) According to the objection letter, Comcast apparently believes that the jurisprudence of the overwhelming majority of federal courts nationwide is—in its personal view—"unpersuasive." (*Id.* at 4.) ("[Y]our argument that the Doe Defendants acted in concert is unpersuasive.") Comcast's joinder objection is erroneous and premature.

Comcast's joinder argument is erroneous because it suffers from at least two fatal procedural defects. First, joinder objections do not fall on Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. The objection should be denied on

this basis alone. Second, Comcast has no colorable basis for claiming standing to challenge permissive joinder in an action to which it is not a party. Finally, Comcast once again makes a tenuous attempt to link its joinder objection to its responsibilities under the Communications Act. (Ex. B. at 3.) This attempt fails for the reasons described above, *supra* Part II.

Beyond these procedural defects, Comcast's joinder objection is unavailing because at this procedural juncture, joinder of the putative defendants is proper. First, Plaintiff has satisfied the requirements for the permissive joinder of the putative defendants under Rule 20 for this stage of the litigation. Specifically, Plaintiff alleged that the putative defendants used the BitTorrent file-sharing protocol to illegally distribute its copyrighted work. (Compl. ¶ 3.) Further, Plaintiff alleged that the BitTorrent file-sharing protocol "makes every downloader also an uploader of the illegally transferred file(s)." (Compl. ¶ 5.) In this District and nationwide, courts have determined similar allegations to establish a logical relationship between claims against putative defendants in BitTorrent-based copyright infringement litigation. *See, e.g.,* Order, *Imperial Enters. Inc. v. Does 1–3,145*, No. 11-529 (RBW) (D.D.C. Aug. 30, 2011), ECF No. 43 at *3–5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1–5,829*, No. 11-57 (CKK), 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball Movie, LLC v. Does 1–171*, No. 10-1520 (BAH), ____ F. Supp. 2d ____, 2011 WL 1807452, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Voltage Pictures, LLC v. Does 1–5.000*, No. 10-0873 (BAH), ____ F. Supp. 2d. ____, 2011 WL 1807438, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011); *see also, e.g.* Order, *AF Holdings v. Does 1-162*,  No. 11-23036 (S.D. Fla. Feb. 14, 2012), ECF No. 27 at 6 ("If and when the Doe Defendants are identified and served with the Complaint, the issue of misjoinder may again be raised, to the extent necessary, based upon the actual parties involved at that point in

time. Only then will the Court have at hand all that it needs to know to make a legally correct ruling."); *Patrick Collins, Inc. v. John Does 1–15*, No. 11-cv-02164, 2012 WL 415436, at *2–4 (D. Colo. Feb. 8, 2012) (Arguello, J.) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–22*, No. 11-cv-01772-AW, 2011 WL 5439005, at *2–4 (D. Md. Nov. 8, 2011) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–2,590*, No. C 11-2766 MEJ, 2011 WL 4407172, at *4–7 (N.D. Cal. Sept. 22, 2011) (James, J.) (sustaining joinder and citing *Call of the Wild*); *First Time Videos, LLC v. Does 1–76*, No 11 C 3831, 2011 WL 3586245, at *4 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) (collecting cases and concluding that "[t]he overwhelming majority of courts" have denied motions to sever "prior to discovery"); *First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, ____ F. Supp. 2d. ____, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) (Castillo, J.).

Further, Plaintiff alleges common questions of law and fact. For instance, Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyright in the movie at issue and the infringement of the exclusive rights reserved to Plaintiff as the copyright holder. (*See generally* Compl.) Finally, joinder of the putative defendants at this stage of the stage of the litigation does not prejudice any party or cause needless delay. To the contrary, "joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants." *Call of the Wild*, 770 F. Supp. 2d at 345; *see also First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, ____ F. Supp. 2d. ____, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) ("[J]oined defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to avoid liability.")

Comcast's joinder objection is contrary to the overwhelming weight of authority regarding joinder in BitTorrent-based copyright infringement litigation. Although Comcast may view this authority as "unpersuasive," Comcast has not offered a persuasive reason to sustain its objection.

### d.  Comcast's Scheduling Objection is Factually Baseless

Comcast objects on the basis that the Court's order does not provide "a reasonable time to fulfill any large order." (Ex. B at 3.) ("Without a valid court order . . . providing for … reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information indentifying subscribers associated with the IP addresses in the Subpoena.") The burden is on Comcast to establish why it is unable to meet the Court's timeline for complying with the subpoena, but Comcast fails to state any facts that explain why the Court's timeline is unworkable. (*See generally* Ex. B.) Further, to the extent that Comcast believes that the Court's timeline imposes an undue burden, it is Comcast's responsibility to propose modifications that would relieve the burden. *See aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 771 (N.D. Ill. 2005) (denying a motion to quash a subpoena because, *inter alia*, the parties claiming that the subpoena caused them an undue burden did "not propose[ ] any modification to the specific topics they contend are unduly burdensome.") It is improper for Comcast to leave the Court and Plaintiff guessing when, if ever, Comcast will be able to fulfill its obligations under the subpoena. Finally, Comcast's counsel appears to have reviewed the addresses of the Comcast subscribers subject to Plaintiff's subpoena (*See* Ex. B. at 4 n.6.) If Comcast's counsel is in possession of subscriber IP resolutions, then it would appear that Comcast has already managed to perform the most time-intensive aspect of the subscriber notification process.

**CONCLUSION**

Plaintiff respectfully requests the Court to compel Comcast's immediate compliance with the Subpoena.


Respectfully submitted,

AF Holdings LLC

**DATED**: February 17, 2012

By: /s/ Paul A. Duffy_____
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

11

## <u>LOCAL CIV. R. 7(m) CERTIFICATION</u>

Counsel for Plaintiff conferred with opposing counsel via telephone on February 17, 2012 in a good faith effort to determine whether opposing counsel would oppose the relief sought herein. During the telephone conference, the parties were able to resolve one objection, but were unable to resolve the three remaining objections or narrow the areas of disagreement with respect to those objections. Plaintiff's motion is opposed with respect to the three remaining objections.

**DATED**: February 17, 2012

By: <u>/s/ Paul A. Duffy</u>
Paul A. Duffy, Esq.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on this 17th day of February, 2012, he caused one copy each of the Motion to Compel Compliance with Subpoena, Memorandum of Law in Support of Motion to Compel Compliance with Subpoena and the Local Civ. R. 7(m) Certification to be served by first-class U.S. mail, postage prepaid, on the following:

John D. Seiver
Davis Wright Tremaine LLP
Suite 800
1919 Pennsylvania Avenue NW
Washington, DC 20006-3401

By: <u>/s/ Paul A. Duffy</u>
     Paul A. Duffy, Esq.

13