**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AF HOLDINGS LLC, | |
| *Plaintiff*, | No. 1:12-CV-00048-BAH |
| v. | |
| DOES 1 – 1,058, | |
| *Defendants.* | |

**NON-PARTY COMCAST CABLE COMMUNICATIONS, LLC'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Attorneys for Non-Party Comcast Cable
Communications, LLC*

March 5, 2012

**TABLE OF CONTENTS**

INTRODUCTION AND FACTUAL BACKGROUND ................................................................. 1

ARGUMENT .................................................................................................................................. 3

    A.    Legal Standard.......................................................................................................... 3

    B.    This Court Lacks Personal Jurisdiction Over The Majority of Potential Doe
        Defendants Identified in the Subpoena ........................................................................ 4

    C.    Joinder of the Doe Defendants is Improper ................................................................ 9

    D.    Even if Compliance with the Subpoena is Ordered, the Court Should Allow a
        Reasonable Time for Compliance................................................................................. 13

CONCLUSION.............................................................................................................................. 16

**TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Arista Records, LLC v. Does*,
　　No. 07-CV-2828, 2008 U.S. Dist. LEXIS 90183 (N.D. Ohio Nov. 3, 2008) ...................12

*Berlin Media Art v. Does 1-654*,
　　No. 11-03770, 2011 U.S. Dist. LEXIS 120257 (N.D. Cal. Oct. 18, 2011) ........................8

*Boy Racer, Inc. v. Does 2-52*,
　　No. C 11-2834 (N.D. Cal.) [Docket No. 12].....................................................................10

*Burger King Corp. v. Rudzewicz*,
　　471 U.S. 462 (1985)............................................................................................................8

*Call of the Wild Movie, LLC v. Does 1-1,062*,
　　770 F. Supp. 2d 332 (D.D.C. 2011) ............................................................................9, 12

*Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*,
　　148 F.3d 1080 (D.C. Cir. 1998) .........................................................................................3

*CP Prods., Inc. v. Does 1-300*,
　　No. 10 C 6255, 2011 WL 737761 (N.D. Ill. Feb. 24, 2011)..............................................7

*Crane v. New York Zoological Soc'y*,
　　894 F.2d 454 (D.C. Cir. 1990) ...........................................................................................5

*Diabolic Video Prods., Inc. v. Does 1-2099*,
　　No. 10-CV-5865, 2011 WL 3100404 (N.D. Cal. May 31, 2011)......................................10

*DigiProtect USA Corp. v. Does 1-240*,
　　No. 10-cv-8760, 2011 WL 4444666 (S.D.N.Y. Sept. 26, 2011) ..................................7, 10

*DigiProtect USA Corp. v. Does 1-266*,
　　No. 10-cv-8759, 2011 WL 1466073 (S.D.N.Y. Apr. 13, 2011) .........................................7

*Digital Sin, Inc. v. Doe*,
　　No. C 11-04397, 2011 U.S. Dist. LEXIS 128033 (N.D. Cal. Nov. 4, 2011)....................11

*Donkeyball Movie, LLC v. Does 1-171*,
　　No. 10-1520, 2011 U.S. Dist. LEXIS 50785 (D.D.C. May 12, 2011)...............................10

*Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*,
    638 F. Supp. 2d 1 (D.D.C. 2009) ......................................................................4

*Gillespie v. Civiletti*,
    629 F.2d 637 (9th Cir. 1980) ...........................................................................4

*Hard Drive Prods., Inc. v. Does 1-188*,
    809 F. Supp. 2d 1150 (N.D. Cal. 2011) ..............................................8, 9, 10, 11

*Hard Drive Prods. v. Does 1-30*,
    No. 11cv345, 2011 U.S. Dist. LEXIS 119333 (E.D. Va.  Oct. 17, 2011) ...........................8

*Hard Drive Prods., Inc. v. Does 1-130*,
    No. C-11-3826, 2011 U.S. Dist. LEXIS 132449 (N.D. Cal. Nov. 16, 2011) ...................11

*In re Micron Tech., Inc. Sec. Litig.*,
    264 F.R.D. 7 (D.D.C. 2010)...........................................................................4

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945).......................................................................................5

*Johnson v. Long Beach Mortgage Loan Trust 2001-4*,
    451 F. Supp. 2d 16 (D.D.C. 2006) ....................................................................5

*K-Beech, Inc. v. Does 1-85*,
    No. 11-CV-00469, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011)..................13

*Liberty Media Holdings, LLC v. BitTorrent Swarm*,
    No. 11-cv-21525, 2011 WL 5190048 (S.D. Fla. Nov. 1, 2011) .......................................11

*Linder v. Department of Def.*,
    133 F.3d 17 (D.C. Cir. 1998) ..........................................................................4

*Lumiere v. Mae Edna Wilder, Inc.*,
    261 U.S. 174 (1923) ......................................................................................5

*McGIP, LLC v. Doe*,
    No. C 11-02331, 2011 U.S. Dist. LEXIS 108109 (N.D. Cal. Sept. 16, 2011) ......11, 12, 13

*Millenium TGA v. Doe*,
    No. 10 C 5603, 2011 U.S. Dist. LEXIS 110135 (N.D. Ill. Sept. 26, 2011)........................8

*Millennium TGA, Inc. v. Does 1-21*,
    No. 11-2258, 2011 WL 1812786 (N.D. Cal. May 12, 2011)............................................11

*Millennium TGA, Inc. v. Does 1-800*,
  No. 1:10-cv-05603 (N.D. Ill. Mar. 31 2011) ...................................................10

*New Sensations, Inc. v. Does 1-1,474*,
  No. C 11-2770, 2011 U.S. Dist. LEXIS 140670 (N.D. Cal. Dec. 7, 2011) .......................8

*Nu Image, Inc. v. Does 1-23,322*,
  799 F. Supp. 2d 34 (D.D.C. 2011) ...................................................4, 5, 6, 7, 8

*On The Cheap, LLC v. Does 1-5011*,
  No. C10-472, 2011 U.S. Dist. LEXIS 99831 (N.D. Cal. Sept. 6, 2011) .....................8, 11

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978)................................................................................4

*Pacific Century Int'l, Inc. v. Does 1-101*,
  No. C-11-02533, 2011 WL 2690142 (N.D. Cal. July 8, 2011) .........................................10

*Patrick Collins, Inc. v. Does 1-2,590*,
  No. C 11-2766, 2011 U.S. Dist. LEXIS 140913 (N.D. Cal. Dec. 7, 2011) .........................9

*Penguin Group (USA), Inc. v. American Buddha*,
  640 F.3d 497 (2d Cir. 2011)........................................................................6

*SBO Pictures, Inc. v. Does 1-87*,
  No. 11-1962, 2012 U.S. Dist. LEXIS 6968 (D.D.C. Jan. 19, 2012)...............................5, 8

*United States v. Columbia Broad. Sys., Inc.*,
  666 F.2d 364 (9th Cir. 1981) .......................................................................4

*Voltage Pictures, LLC v. Does 1-5000*,
  No. 10-0873, 2011 U.S. Dist. LEXIS 50787 (D.D.C. May 12, 2011)...............................12

*Watts v. SEC*,
  482 F.3d 501 (D.C. Cir. 2007) ......................................................................3

*Well Go USA, Inc. v. Does*,
  No. 4:11cv00554A (N.D. Texas Sept. 28, 2011)..............................................13

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)................................................................................5

## STATE CASES

*Mouzavires v. Baxter*,
  434 A.2d 988 (D.C. 1981) ..........................................................................5

## STATUTES

17 U.S.C. § 512 ................................................................................................................1

28 U.S.C. § 1391(b) .........................................................................................................7

47 U.S.C. § 551(c) .........................................................................................................14

D.C. Code § 13-423 ......................................................................................................5, 6

## RULES

Fed. R. Civ. P. 20(a)(2) .............................................................................................10, 11

Fed. R. Civ. P. 45 ............................................................................................................3

## OTHER AUTHORITIES

Lyrissa Barnett Lidsky & Thomas F. Cotter,
     Authorship, Audiences, and Anonymous Speech,
     82 Notre Dame L. Rev. 1537 (Apr. 2007) .......................................................14

Non-Party Comcast Cable Communications, LLC ("Comcast") submits this memorandum in opposition to Plaintiff's Motion to Compel Compliance with Subpoena ("Motion").

## INTRODUCTION AND FACTUAL BACKGROUND

This is a copyright infringement case in which Plaintiff alleges that each of the 1,058 anonymous Doe defendants has infringed Plaintiff's copyright in a certain sexually explicit audiovisual work by distributing and downloading unauthorized copies or excerpts of the work over the Internet.  Compl. [Docket No. 1] ¶¶ 3, 8.  Comcast is not a defendant in this case, nor has Plaintiff alleged that Comcast has any liability for the alleged infringement of Plaintiff's copyright.  Comcast is a non-party that is, among other things, an Internet service provider ("ISP"), and is not liable for subscribers' "Bit Torrent protocol" transfers that may infringe any copyright.[1]  17 U.S.C. § 512(a).  Comcast was served with a subpoena because Plaintiff does not know the identity of the Doe defendants whom it sued anonymously.  *Id.* ¶ 11.  Plaintiff claims to have identified certain IP addresses corresponding to various ISPs, including Comcast.  *Id.* This Court granted permission for Plaintiff to pursue limited discovery of the ISPs to attempt to identify the subscribers associated with those specific IP addresses who Plaintiff claims will then be named as defendants in an amended complaint.  *Id.*; Order [Docket No. 5] ("January 30 Order").  Comcast did not have the opportunity to participate in this Court's consideration or ultimate grant of Plaintiff's Motion in the January 30 Order.

Pursuant to the January 30 Order, Plaintiff served the Subpoena on Comcast on February 2, 2012, seeking the identities of 400 individuals who, Plaintiff alleges, are Comcast

---

[1]  Indeed, Comcast respects and supports the rights of copyright owners to bring valid actions against alleged copyright infringers.  However, Comcast also requires that these actions be brought in accordance with all applicable procedural and other legal requirements.

subscribers.  Motion [Docket  No. 4] Exh. A.  The return date was set by Plaintiffs as March 3,

2012.  Comcast filed timely objections to the Subpoena by letter dated February 16, 2012.

Motion, Exh. B.

      Comcast objected to compliance with the Subpoena on several grounds.  First, the vast

majority of the Does whose personal information is sought in the Subpoena are not even subject

to this Court's jurisdiction.  Indeed, a preliminary search of the IP addresses listed in Plaintiff's

Subpoena reveals that just one of the 400 Comcast IP addresses in the Subpoena is definitely

associated with a subscriber located in the District of Columbia.  Second, the rules for joinder of

the Doe Defendants cannot be satisfied in the underlying action.  The distinct trend in other

federal district courts has been to deny prospective joinder and quash subpoenas in this type of

action where the allegations are that BitTorrent swarms are an actionable conspiracy.  The courts

have also found that utilizing discovery process to identify Does who are never sued, but are

nonetheless contacted for settlement demands, is abusive.  Indeed, the lack of proper joinder is

evident on the face of the exhibit attached to Plaintiff's Complaint, which reflects that the alleged

illegal activity of the different IP addresses occurred on different days and times over a four-

month period.  Thus, Plaintiff cannot claim that each of the Doe Defendants acted in concert.

      Finally, it is not at all clear why Plaintiff chose to file this action in this Court except to

avail itself of more favorable precedent; Plaintiff's other actions are pending in multiple federal

district courts around the country, including Virginia, Minnesota, California, Texas, Kentucky,

and Florida, and Plaintiff has even served subpoenas captioned in altogether different courts

from where the underlying action is pending.  And, in response to an Order in an action

involving this same Plaintiff in a similar action in California, Plaintiff's counsel disclosed more

than 100 suits filed alleging illegal BitTorrent downloads of pornographic and other materials

and that, despite gaining the identity of many subscribers' names, not one defendant in those suits had ever been served.

Given the apparent and expected abuse of the discovery process, these procedural anomalies, and inherent substantive defects in the underlying action, not only would Comcast be unduly burdened by having to comply with the Subpoena, its subscribers' privacy interests would not be adequately protected and they would be inappropriately drawn into a civil action that could not be commenced against them individually in this Court.  Finally, even if the Court were to order Comcast to comply with the Subpoena, the Court should modify the January 30 Order and enter a protective order allowing for a reasonable time for Comcast to comply, notify subscribers as required by law, and allow them the opportunity to contest the validity of the claims being asserted before being identified and pursued by plaintiff for settlement.

## ARGUMENT

### A.  <u>Legal Standard</u>

When a motion to compel compliance with a subpoena is filed against a non-party, Fed. R. Civ. P. 45 "requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden."  *Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007).  Discovery commencing before a Rule 26 conference – including jurisdictional discovery to identify defendants – should be permitted only where "good cause" supports it.  *See, e.g., Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (plaintiff "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant").

Where, as here, the underlying action is procedurally defective or the Doe Defendants are not subject to suit, any burden put upon a non-party to identify Defendants is an *undue* burden.

*Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 37 (D.D.C. 2011) (denying motion for discovery in a similar action seeking ISPs' subscribers' identities); *see also Linder v. Department of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998) (whether a subpoena is proper "'must be determined according to the facts of the case,' such as the party's need . . . and the nature and importance of the litigation"); *In re Micron Tech., Inc. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C. 2010) ("The 'undue burden' test requires district courts to be 'generally sensitive' to the costs imposed on third parties."); *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1981) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").[2]  While the issue of Plaintiff's compensation is not at issue, whether the Court's processes should be used to allow discovery in the face of procedural irregularities should be examined closely.

B. **This Court Lacks Personal Jurisdiction Over The Majority of Potential Doe Defendants Identified in the Subpoena**

As Comcast pointed out in its February 16, 2012 letter objecting to Plaintiff's subpoena ("Objection Letter"), nearly all of the IP addresses for which Plaintiff seeks discovery in this case are for individuals *not* within the Court's jurisdiction.  Indeed, a preliminary search of the IP addresses listed in Plaintiff's Subpoena reveals that just one IP address is definitely associated with a subscriber located in the District of Columbia.[3]  Accordingly, the other 399 Does whose

---

[2]  *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."); *accord Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (pre-Rule 26 discovery should be denied where the court concludes that discovery "would not uncover [the defendants'] identities, or that the complaint would be dismissed on other grounds"); *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (plaintiff must "reasonably 'demonstrate[] that it can supplement its jurisdictional allegations through discovery'").

[3]  This information was derived from Comcast's automated system that performs preliminary research for an IP address.  However, such information is not exact since the complete research must be performed and verified by an analyst.

personal information is sought in the Subpoena are not subject to this Court's jurisdiction.

Comcast should not be subject to the burden – undue or otherwise – of providing the requested

information that ultimately will not even be useful in *this* action and which, consistent with

Plaintiff's counsel's tactics in multiple courts, will likely only ever be used to attempt to extract

pre-litigation settlements from Comcast's subscribers who are not subject to this Court's

personal jurisdiction.

      A court has personal jurisdiction over a defendant if the defendant is both subject to the

District of Columbia's long-arm statute and the exercise of jurisdiction comports with the due

process clause. *Crane v. New York Zoological Soc'y*, 894 F.2d 454, 455-56 (D.C. Cir. 1990); *see*

*also* D.C. Code § 13-423 (2007) (long-arm statute). The District of Columbia's "long-arm

statute 'permits the exercise of personal jurisdiction to the fullest extent permissible under the

due process clause.'" *Johnson v. Long Beach Mortgage Loan Trust 2001-4*, 451 F. Supp. 2d 16,

28 (D.D.C. 2006) (quoting *Mouzavires v. Baxter*, 434 A.2d 988, 990-91 (D.C. 1981)). The

constitutional due process test is typically met if the defendant has "minimum contacts" with the

District of Columbia "such that the maintenance of the suit does not offend 'traditional notions

of fair play and substantial justice.'" *Id.* (citing *International Shoe Co. v. Washington,* 326 U.S.

310, 316 (1945)). This analysis requires courts to determine whether "the defendant's conduct

and connection with the forum State are such that he should reasonably anticipate being haled

into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). These

same personal jurisdiction limitations apply to copyright infringement actions. *Lumiere v. Mae*

*Edna Wilder, Inc*., 261 U.S. 174, 177 (1923) (the Copyright Act does not permit nationwide

service of process); *Nu Image*, 799 F. Supp. 2d at 38 & n.4 (same); *SBO Pictures, Inc. v. Does 1-*

*87*, No. C 11-1962, 2012 U.S. Dist. LEXIS 6968, at *3-4 (D.D.C. Jan. 19, 2012) ("The

Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on a nationwide or other basis.  Plaintiff must therefore predicate the court's jurisdiction over the infringers on the reach of District of Columbia law.").

The District of Columbia's long-arm statute provides, in pertinent part, that

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) *causing tortious injury in the District of Columbia by an act or omission in the District of Columbia . . .*

D.C. Code § 13-423 (emphasis added).

Here, because the Does are alleged to have engaged in the tort of copyright infringement, the long-arm statute requires "tortious injury in the District of Columbia by an act or omission in the District of Columbia."  *Nu Image*, 799 F. Supp. 2d at 38-39 (citing *Penguin Group (USA), Inc. v. American Buddha*, 640 F.3d 497, 500-01 (2d Cir. 2011), which concluded, based on a virtually identical long-arm statute, that "the situs of the injury is the location of the copyright holder").  Here, there is no allegation that the copyright holder is located in this jurisdiction. Indeed, the Complaint alleges that Plaintiff is organized and exists under the laws of the Federation of Saint Kitts and Nevis.  Compl. ¶ 9.  And Plaintiff has brought multiple suits in this and six other federal district courts around the country.

In the recent *Nu Image* case in this District, Judge Wilkins addressed the good-cause requirement for permitting discovery of non-party ISPs in mass BitTorrent actions, holding that requiring plaintiff to make a prima facie evidentiary showing that all Doe defendants are likely to reside in this district – before serving subpoenas on the ISPs – comports with fundamental

notions of fairness and does not impose any real burden on plaintiff, given the "geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant." 799 F. Supp. 2d at 37-42.[4]

Given the ever-increasing mass Doe defendant actions being filed throughout the country, many courts have now had the opportunity to analyze the characteristics of BitTorrent file-sharing systems, and other courts have reached similar conclusions to *Nu Image*.  Indeed, several courts have revisited their earlier rulings that permitted broad Doe discovery by way of broad subpoenas to multiple ISPs.  For example, in two similar proceedings in the United States District Court for the Southern District of New York, the court refused to allow discovery of any subscriber outside the State of New York, rejecting Plaintiff's identical argument in the instant Complaint concerning BitTorrent swarms and seeders.  "The mere fact that BitTorrent protocol and eDonkey network employ 'swarming' capacity is insufficient to confer jurisdiction." *DigiProtect USA Corp. v. Does 1-240*, No. 10-cv-8760, 2011 WL 4444666, at *3 (S.D.N.Y. Sept. 26, 2011).  In a second *DigiProtect* case, the court quashed the subpoenas, amended its earlier order allowing discovery of the ISPs, and held that plaintiff "may only serve subpoenas on those ISPs whose IP addresses identified by [plaintiff] in [the exhibit listing IP addresses] correspond to accounts located in" the state where the court is located.  *DigiProtect USA Corp. v. Does 1-266*, No. 10-cv-8759, 2011 WL 1466073, at *4 (S.D.N.Y. Apr. 13, 2011).  *See also CP Prods., Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D. Ill. Feb. 24, 2011) ("[T]here is no justification for dragging into an Illinois federal court, on a wholesale basis, a

---

[4] *Nu Image* reconsidered the court's prior orders that had authorized discovery of the ISPs in mass copyright actions based on plaintiffs' representations that the general venue statute, 28 U.S.C. § 1391(b), governed, rather than the specific venue statute for copyright litigation:  "[O]nce the Court realized that 28 U.S.C. § 1400(a) was the appropriate venue statute, and that it requires that every single defendant can be 'found here,' the Court felt compelled to focus more sharply on personal jurisdiction and the good cause standard for expedited discovery.  The Court recognizes its initial error and seeks to correct it here." *Nu Image*, 799 F. Supp. 2d at 41 n.7.

host of unnamed defendants over whom personal jurisdiction clearly does not exist and-more importantly-as to whom [plaintiff's] counsel could readily have ascertained that fact."); *Millennium TGA v. Doe*, No. 10 C 5603, 2011 U.S. Dist. LEXIS 110135, at *4-5 (N.D. Ill. Sept. 26, 2011) (denying request for discovery of ISPs and dismissing action where Plaintiff's current counsel failed to show any facts show how defendant's "infringing activities were directed towards this forum and bring him or her within this court's jurisdiction"); *On The Cheap, LLC v. Does 1-5011*, No. C10-4472, 2011 U.S. Dist. LEXIS 99831, at *7-8 (N.D. Cal. Sept. 6, 2011) (explaining that the logical effect of Plaintiff's personal-jurisdiction arguments "would be that everybody who used . . . BitTorrent would subject themselves to jurisdiction in every state," a result inconsistent with *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985), and other Supreme Court precedent); *SBO Pictures*, 2012 U.S. Dist. LEXIS 6968, at *6-9 (following *Nu Image* and denying request for discovery of ISPs); *New Sensations, Inc. v. Does 1-1,474*, No. C 11-2770, 2011 U.S. Dist. LEXIS 140670, at *7-9 (N.D. Cal. Dec. 7, 2011) (citing *Nu Image* and explaining that, "[w]here Plaintiff has made no effort to determine jurisdiction, the administration of justice is not served by requiring out-of-state recipients of subpoenas to bring challenges to the subpoenas in far-flung jurisdictions"); *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 at 1157-65 (N.D. Cal. 2011) (quashing subpoenas where Plaintiff's counsel failed to provide a sufficient showing that the Doe defendants were properly subject to suit as part of the same "swarm"; summarizing decisions that address mechanics of BitTorrent protocols); *Hard Drive Prods., Inc. v. Does 1-30*, No. 11cv345, 2011 U.S. Dist. LEXIS 119333, at *7-10 (E.D. Va. Oct. 17, 2011) (citing *Hard Drive*, 809 F. Supp. 2d 1150, with approval); *Berlin Media Art v. Does 1-654*, No. 11-03770, 2011 U.S. Dist. LEXIS 120257, at *4-6 (N.D. Cal. Oct. 18, 2011) (denying request for discovery of the identities of Does 1-654 based on

jurisdictional principles and the court's research: "with minimal effort, the Court was able to utilize one of many free and publicly available services to look up the locations affiliated with IP addresses for which Plaintiff seeks discovery"); *Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-2766, 2011 U.S. Dist. LEXIS 140913, at *4-5 (N.D. Cal. Dec. 7, 2011) (explaining that, "even if one or more of the unidentified defendants allegedly downloaded the file at some point during the time period in question from a computer located in this District, the Court is not aware of any caselaw that suggests that it has personal jurisdiction over all 2,590 Defendants based on this connection"). *But see Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 345-46 (D.D.C. 2011) (concluding that jurisdictional discovery was warranted where plaintiff had a good-faith belief for allegation that personal jurisdiction existed).

Accordingly, notwithstanding earlier orders allowing discovery, the clear trend has been a reexamination of the *ex parte* discovery orders resulting in quashing of subpoenas and dismissal of Doe defendants from these types of actions. For these reasons, Plaintiff's Motion should be denied and the Subpoena should be quashed.

### C.  Joinder of the Doe Defendants is Improper

As Comcast also pointed out in its Objection Letter, the exhibit attached to Plaintiff's Complaint here reflects that the alleged illegal activity of the different IP addresses occurred on different days and times over a four-month period. Compl., Exh. A. Accordingly, the rules for joinder of the Doe Defendants cannot be satisfied in the underlying action.

Numerous cases have made clear that the alleged use of BitTorrent technology, like earlier P2P technologies, does not satisfy the requirements for permissive joinder. *See, e.g., Hard Drive*, 809 F. Supp. 2d at 1157. Here, just as the court found in *Hard Drive*, because the exhibit attached to the Complaint reflects that the activity of the different IP addresses occurred

on different days and times over a four-month period,[5] any suggestion that the Doe Defendants

acted in concert is unpersuasive.  *Id.* at 1163-64.  *See also DigiProtect USA Corp. v. Does 1-240*,

2011 WL 4444666, at *3 n.2 ("To participate, a user must be online at the time of a swarm.");

*cf.*, *Donkeyball Movie, LLC v. Does 1-171*, No. 10-1520, 2011 U.S. Dist. LEXIS 50785, at *18

(D.D.C. May 12, 2011) (quoting plaintiff's declaration that swarming is possible "so long as that

first seed peer is online at the time the subsequent peer downloads a file").  Accordingly, the

Complaint does not satisfy the "same series of transactions" test for joinder.  Fed. R. Civ. P.

20(a)(2).  Indeed, a series of nearly identical recent cases have expressly prohibited discovery

and quashed subpoenas similar to the instant Subpoena.  *See, e.g., Hard Drive*, 809 F. Supp. 2d

1150 (finding joinder improper and severing and dismissing all claims against all but one Doe

defendant) (citing *Boy Racer, Inc. v. Does 2-52*, No. 11-2834 (N.D. Cal.) [Docket No. 12])

(finding that the nature of BitTorrent protocol does not justify joinder of otherwise unrelated Doe

defendants because BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-

peer protocols where joinder has been found improper); *Diabolic Video Prods., Inc. v. Does 1-

2099*, No. 10-CV-5865, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011) ("[T]he mere

allegation that defendants have used the same peer-to-peer network to infringe a copyrighted

work is insufficient to meet the standards for joinder set forth in Rule 20."); *Millennium TGA

Inc. v. Does 1-800,* No. 1:10-cv-05603 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* severing

all but one Doe defendant, finding that "merely committing the same type of violation in the

same way does not link defendants together for purposes of joinder"); *Pacific Century Int'l, Inc.

v. Does 1-101*, No. C-11-02533, 2011 WL 2690142, at *4 (N.D. Cal. July 8, 2011) (Rule

20(a)(2) joinder was improper because "the only commonality between copyright infringers of

---

[5]  In the *Hard Drive* case, it was a two-week period.  *Hard Drive*, 809 F. Supp. 2d at 1164.

the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotation marks and citation omitted); *Millennium TGA, Inc. v. Does 1-21*, No. 11-2258, 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work – which occurred over the span of twenty days – do not satisfy [the Rule 20(a)(2)] requirement.")); *Hard Drive Prods., Inc. v. Does 1-130*, No. C-11-3826, 2011 U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, No. 11-cv-21525, 2011 WL 5190048, at *2-4 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (disapproving the use of mass actions and noting abusive settlement tactics); *Digital Sin, Inc. v. Doe*, No. C 11-04397, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases). In fact, counsel for Plaintiff must be aware of the *Hard Drive, Boy Racer, Pacific Century, Millennium* and *McGIP* [6] cases, given that its firm (or the firm that merged with its firm) represented the plaintiff in each of those cases.[7]

Comcast recognizes that this Court's decision in *Call of the Wild*, 770 F. Supp. 2d 332, reached a different conclusion – i.e., that it was premature at the pleading stage to consider

---

[6] *McGIP, LLC v. Does 1-149*, No. C 11-02331, 2011 U.S. Dist. LEXIS 108109 (N.D. Cal. Sept. 16, 2011).

[7] The existence of these, and other, unfavorable decisions suggests that such plaintiffs appear to be engaged in forum shopping – i.e., selecting venues based on an assessment of where they are likely to obtain the largest amount of subscriber information with the least judicial resistance. This argument is addressed at length in the motion to quash filed by the other ISPs subpoenaed in this action. Memorandum of Law in Support of Motion to Quash Subpoenas Issued to Non-Party Internet Service Providers Bright House Networks, LLC; Cox Communications, Inc.; SBC Internet Services, Inc. d/b/a AT&T Internet Services; and Verizon Online LLC [Docket No. 8, attachment No. 1] at 12-17.

misjoinder.[8]  However, given the multitude of mass Doe actions filed by Plaintiff's counsel

throughout the country (discussed below), Comcast respectfully suggests that the Court revisit its

conclusion in that case.  As the court pointed out in the *McGIP* case, Plaintiff's strategy in filing

these cases

> effectively precludes consideration of joinder issues at a later point
> in the proceedings. By not naming or serving a single defendant,
> [Plaintiff] ensures that this case will not progress beyond its infant
> stages and therefore, the court will never have the opportunity to
> evaluate joinder.   Deferring a ruling on joinder, then, would
> "encourage[] [p]laintiffs … to join (or misjoin) as many doe
> defendants as possible…."

*McGIP*, 2011 U.S. Dist. LEXIS 108109, at *8 (quoting *Arista Records, LLC v. Does*, No. 07-

CV-2828, 2008 U.S. Dist. LEXIS 90183, at *17 (N.D. Ohio Nov. 3, 2008)) (alterations in

original).

Indeed, in another case in which AF Holdings is a plaintiff pending in the Northern

District of California, the court issued an order to show cause requiring Plaintiff's lawyers to file

a declaration listing the cases it has pending in federal court and the number of defendants who

had actually been served in each case.  Attached hereto as Exhibit 1 is a true and correct copy of

the January 19, 2012 Order.  In response, Plaintiff's counsel declared that in none of the 118

federal actions filed during the last two years by the Prenda law firm (or its predecessors) has a

single Defendant been served.[9]  Attached hereto as Exhibit 2 is a true and correct copy of the

---

[8]  *See also Voltage Pictures, LLC v. Does 1-5000*, No. 10-0873, 2011 U.S. Dist. LEXIS 50787, at *42 (D.D.C. May 12, 2011) (noting that "Courts have varying thresholds for the exercise of their discretion to sever defendants in such cases").

[9]  The Court ordered Plaintiff's counsel to disclose "a list of the BitTorrent copyright infringement cases involving *multiple joined* John Doe Defendants filed [by] Plaintiff's counsel's law firm or predecessor firm in federal court." (Emphasis added).  Plaintiff's counsel took the judge's Order quite literally and disclosed only those cases in which more than one Doe defendant had been named in the complaint.  Plaintiff's counsel did not disclose the numerous other cases (approximately 60) it has also filed in various federal courts, in which only one Doe is named as a defendant, but where discovery of alleged "co-conspirators" is sought in the same manner as the "multiple joined"

Declaration of Charles E. Piehl dated February 24, 2012, along with the listing of cases filed where not a single Doe defendant has been served.  This striking admission confirms the *modus operandi* employed by Plaintiff's counsel – they simply move from court to court seeking authorization to serve subpoenas to the broadest number of subscribers – imposing ever-increasing burdens on the ISPs – without using the information gathered for the purpose of litigating any case on its merits.  Instead, "plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them."  *K-Beech, Inc. v. Does 1-85*, No. 11-CV-00469, 2011 U.S. Dist. LEXIS 124581, at *7 (E.D. Va. Oct. 5, 2011).[10]  These facts weigh heavily in favor of addressing compliance with Rule 20 at the outset.  *E.g., McGIP*, *supra*, at *10 (in these specific circumstances, a threshold evaluation of joinder "is critical to ensuring compliance with the Federal Rules of Civil Procedure"); *Boy Racer, Inc. v. Does 2-52*, No. 11-2834 (N.D. Cal.) [Docket No. 12], at 2 ("[B]efore allowing expedited discovery to uncover the identity of unnamed defendants, the district courts of this circuit must determine whether [joinder is justified].")  For these additional reasons, Plaintiff's Motion should be denied and the Subpoena should be quashed.

### D. Even if Compliance with the Subpoena is Ordered, the Court Should Allow a Reasonable Time for Compliance

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law.  Comcast may not provide any subscriber's personally identifiable information ("PII") to a third party without first ensuring compliance with the

---

Doe defendant cases.  Plaintiff's counsel's Doe-plus-co-conspirator approach is just one of its latest tactics to test the judicial waters for obtaining subscriber information.

[10]  In yet another similar action, in an order denying counsel proposed discovery, a federal judge remarked that, "[i]f plaintiff and [plaintiff's counsel, different from this case] had displayed the slightest degree of candor with the court, they would have disclosed to the court in their motion for leave [to take expedited discovery] that *judges in this district had raised serious questions concerning the propriety of the filing of actions such as this and the discovery techniques employed by Stone and his clients in all, or a large number, of the suits they filed in the Dallas Division*."  *Well Go USA, Inc. v. Does*, No. 4:11cv00554A (N.D. Tex. Sept. 28, 2011) (Order) (emphasis added).

requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c).  That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator."  47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent.  Disclosure is permitted: (1) "when necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber," 47 U.S.C. § 551(c)(2)(A); (2) "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," 47 U.S.C. § 551(c)(2)(B); and (3) in the form of aggregate customer name and address lists, as long as the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the lists contain no information regarding customers' viewing activities or other transactions.  47 U.S.C. § 551(c)(2)(C).

The only exception applicable to the Subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.  Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made.  A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech*, 82 Notre Dame L. Rev. 1537, 1598 (Apr. 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously ***before it is too late***") (emphasis added).

The January 30 Order provides only 30 days for both Comcast to notify its subscribers of the Subpoena and for the subscriber to then appear and move to modify or quash the Subpoena. The Subpoena contains 400 IP addresses.  Resolving each IP address is time consuming initially and for quality control, notice and response.  Accordingly, if the Court orders compliance with the Subpoena (though Comcast believes it should not), a protective order should be entered providing Comcast with a reasonable amount of time that would permit Comcast to respond to the subpoena on a timeframe that does not excessively tax its resources and inhibit it from engaging in other business.  Comcast proposes that it can reasonably respond to no more than 50 IP address lookup requests per month.  As such, the Court should modify the January 30 Order and enter a protective order limiting Comcast's compliance with the subpoena to providing information with respect to no more than 50 IP addresses per month.  The protective order should provide Comcast with 30 days to provide a response from the date of notice to its subscriber for each set of 25 IP addresses.  The look-up and response process would thus occur on a rolling basis.  As such, Comcast would preserve its records for the IP addresses listed in the subpoena so that the rolling responses would not cause information related to IP addresses to go beyond Comcast's normal residential IP retention policy.

## CONCLUSION

For the foregoing reasons, Comcast respectfully requests that this Court deny Plaintiff's Motion to Compel.  In the alternative, the Court should modify the January 30 Order and enter a protective order allowing for a reasonable time for Comcast to comply with the Subpoena.


Dated:  March 5, 2012


Respectfully submitted,


_____/s/_____

John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable*
*Communications Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of March 2012, true and correct copies of the

foregoing document was served via ECF upon all counsel of record:

Paul A. Duffy
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601

Deanne E. Maynard
Tim A. O'Brien
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC  20006-1888

Benjamin J. Fox
Morrison & Foerster LLP
555 W. 5th Street
Los Angeles, CA  90013-1024

Bradley C. Weber
Locke Lord LLP
701 8th Street, NW, Suite 700
Washington, DC  20001

Bart W. Huffman
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, TX  78701

/s/
John D. Seiver