**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-00048 (BAH) |
| | ) | |
| v. | ) | Judge: Hon. Beryl A. Howell |
| | ) | |
| DOES 1-1058, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**MOTION OF ELECTRONIC FRONTIER FOUNDATION, AMERICAN CIVIL
LIBERTIES UNION FOUNDATION AND AMERICAN CIVIL LIBERTIES UNION OF
THE NATION'S CAPITAL FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN
SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTY
INTERNET SERVICE PROVIDERS**

Amici curiae Electronic Frontier Foundation, American Civil Liberties Union and American Civil Liberties Union of the Nation's Capital hereby move the Court for leave to file a brief amicus curiae in support of the Motion To Quash Subpoenas Issued To Non-Party Internet Service Providers. This motion is based on the attached memorandum of points and authorities and the record in this case. Pursuant to Local Rule 7(m), the undersigned hereby certifies that counsel for the movant has conferred with opposing counsel in a good faith effort to resolve or narrow areas of disagreement. That effort has been unavailing and Plaintiff opposes this motion. The Non-Party Internet Service Providers consent.

Dated: March 13, 2012     ELECTRONIC FRONTIER FOUNDATION

           /s/ Mitchell L. Stoltz
         MITCHELL L. STOLTZ (DC Bar No. 978149)
         mitch@eff.org
         CORYNNE MCSHERRY
         corynne@eff.org
         KURT OPSAHL
         kurt@eff.org
         ELECTRONIC FRONTIER FOUNDATION
         454 Shotwell Street
         San Francisco, CA 94110
         Telephone: (415) 436-9333
         Facsimile: (415) 436-9993

         Attorneys for Amicus
         ELECTRONIC FRONTIER FOUNDATION

         ARTHUR B. SPITZER (DC Bar No. 235960)
         artspitzer@gmail.com
         AMERICAN CIVIL LIBERTIES UNION OF THE
         NATION'S CAPITAL
         4301 Connecticut Avenue, N.W., Suite 434
         Washington, D.C. 20008
         Telephone: (202) 457-0800
         Facsimile: (202) 457-0805

         Attorney for Amicus
         AMERICAN CIVIL LIBERTIES UNION OF THE
         NATION'S CAPITAL

         ADEN J. FINE (D.C. Bar No. 485703)
         afine@aclu.org
         AMERICAN CIVIL LIBERTIES UNION

FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 607-3318
www.aclu.org

Attorney for Amicus:
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Electronic Frontier Foundation, American Civil Liberties Union and American Civil Liberties Union of the Nation's Capital respectfully request that this Court grant them leave to file a brief amicus curiae in support of the Motion To Quash Subpoenas Issued To Non-Party Internet Service Providers. The proposed brief, and supporting materials, are attached hereto.

### II.   Interest of Amici

The Electronic Frontier Foundation ("EFF") is a non-profit, member-supported civil liberties organization working to protect rights in the digital world.  EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society.  Founded in 1990, EFF is based in San Francisco, California.  EFF has members all over the United States and maintains one of the most linked-to websites (http://www.eff.org) in the world.

The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with over 500,000 members dedicated to the principles of liberty and equality embodied in the U.S. Constitution.  The ACLU of the Nation's Capital is the Washington, D.C. affiliate of the ACLU.  The protection of principles of freedom of expression as guaranteed by the First Amendment is an area of special concern to the ACLU and its affiliates.   In this connection, the ACLU and its affiliates have been at the forefront in numerous state and federal cases involving freedom of expression on the Internet.  The ACLU and its affiliates have also been involved in numerous cases raising issues of due process and the right to engage in anonymous speech.

This case squarely impacts the interests of Amici's members and the interests of anonymous Internet users.  In this brief, Amici identify critical due process and First Amendment requirements that must be taken into account before Plaintiff is permitted to intrude upon the rights of the anonymous Doe defendants.

### III.    Standards for Amicus Participation

Granting leave for amicus participation is left to this Court's discretion.   However, several courts have suggested guideposts.   An amicus brief is valuable and should be accepted when the amicus will "collect background or factual references that merit judicial notice," when the amicus has "particular expertise not possessed by any party to the case," or can "argue points deemed too far-reaching for emphasis by a party intent on winning a particular case," or "explain the impact a potential holding might have on an industry or other group." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.).   Because of the assistance that an amicus may provide, and the ease of simply disregarding a brief that later proves unhelpful, "it is preferable to err on the side of granting leave." *Id.* at 133.

Another court of appeals described three situations where amicus briefs will be helpful:

> 1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do.

*Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (Posner, J.)

### IV.    Amici Will Provide Valuable Perspective.

As part of their respective missions, Amici have served as counsel or *amicus* in several cases in which plaintiffs have attempted to sue hundreds or even thousands of anonymous John Doe defendants from all over the country in a single lawsuit, alleging copyright infringement, often of a single pornographic movie.[1]   Amici also participated as amicus in several of the earliest mass copyright lawsuits. *See, e.g.,* Amicus Brief in Support of Appellant Verizon Internet Services, *In re Verizon Internet Services Inc.,* No. 03-7015 (D.C. Cir, May 16, 2003);[2] Amicus

---

[1] *See, e.g., Millennium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W.Va. Nov. 23, 2010).

[2] Available at https://www.eff.org/document/amicus-brief-filed-riaa-v-verizon

Brief of Consumer and Privacy Groups In Support of Appellant Charter Comms, *Recording Industry Association of America v. Charter Comms*, No. 03-3802 (8th Cir., Jan 23, 2004).[3]  In 2010, Judge David C. Godbey of the Northern District of Texas appointed amicus EFF to serve as *ad litem* counsel for 670 Doe defendants in a similar case.[4]  Outside the courtroom, EFF offers resources for the many Does in these cases who are seeking counsel and trying to understand the nature of the litigation in which they have become embroiled.[5]  Amici have also played a leading role in educating the public about the latest developments in these cases.[6]  In short, Amici have been deeply involved in these cases almost from their inception, and can offer the Court a unique perspective.

## V.    Amici Can Help Ensure the Interest of the Doe Defendants Are Represented

While Amici take no position on the merits of the actual copyright claims in these mass copyright cases, we are deeply concerned that the litigation tactics commonly used by the plaintiffs bypass basic due process and First Amendment protections that should apply to every defendant, in every lawsuit. Especially as there is no indication that most of the targets of the Complaint are aware of these proceedings, much less in a position to retain counsel, Amici respectfully request that they be permitted to appear in order to submit to the Court a discussion of the evolving legal landscape.

Amici's concerns are based, in part, on the broader context of the case. In the past two years, more than 200,000 people have been sued in similar mass copyright lawsuits around the country.  In the majority if not all of these cases, it appears the plaintiffs' have no interest in

---

[3] Available at https://www.eff.org/sites/default/files/filenode/Charter/20040126_amicus.pdf
[4] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010).
[5] For example, EFF's website includes pages regarding subpoena defense resources and mass copyright litigation.  *Subpoena Defense Resources*, Electronic Frontier Foundation, https://www.eff.org/issues/file-sharing/subpoena-defense; *Copyright Trolls*, Electronic Frontier Foundation, https://www.eff.org/issues/copyright-trolls.
[6] *See, e.g.*, Amanda Becker, *New District Law Group Tackles Movie File-sharing*, Wash. Post (June 14, 2010)*,* http://www.washingtonpost.com/wp-dyn/content/article/2010/06/11/AR2010061105738.html; Greg Sandoval, *EFF's Cohn Fights Copyright's 'Underbelly'*, CNET (Oct. 19, 2010), http://news.cnet.com/8301-31001_3-20020028-261.html.

actually litigating these cases.  Rather, they hope to take advantage of the threat of an award of statutory damages and attorneys' fees, the ignorance of those sued about their potential defenses, and the burden of litigating in a foreign jurisdiction to induce the anonymous defendants into settling the case for a payment of roughly $2000 to $3000 dollars.[7]  It is no coincidence that this amount is less than a defendant would likely have to spend just to hire a lawyer to defend the case.[8]

Simply put, this litigation begins and ends with discovery: once the identifying information is disclosed, the process of extracting settlements can begin, with the deck firmly stacked against the Defendants.  Thus, the Court's decision on the motion to quash and/or certify for appeal may be the last chance that the Court has to ensure that the Defendants are treated justly.

## VI.    Proposed Schedule

Amici had planned to file this brief well before Plaintiff's response to the Motion to Quash was due, in order to allow the Plaintiff an opportunity to respond to the issues Amici raise as well as those raised by the Motion to Quash.  However, Plaintiff chose to file its response early.  In order to ensure that Plaintiff has an opportunity to respond to the amicus brief, Amici suggest that the Court allow Plaintiff to file a further response, focused solely on additional issues raised in the amicus brief, on or before March 20, 2012.  Amici have conferred with the Internet Service Providers and they do not object to this adjustment in the schedule.  Plaintiff does not agree to this proposed schedule.

---

[7] Indeed, plaintiffs' counsel in some of these cases has made public statements to this effect.  *See, e.g.*, John Council, *Adult Film Company's Suit Shows Texas Is Good for Copyright Cases,* Tex. Lawyer (Oct. 4, 2010), http://www.law.com/jsp/tx/PubArticleTX.jsp?id=1202472786304; *Porn Titans Come Together to Expose Pirates*, The Independent (Sept. 27, 2010), http://www.independent.co.uk/arts-entertainment/films/porn-titans-come-together-to-expose-pirates-2090786.html.

[8] As Amici describe in our principal brief, strong defenses exist for many sued. For almost all Defendants, this Court simply lacks personal jurisdiction.

## VII.    Conclusion

For the foregoing reasons, Amici respectfully request leave to file an amicus curiae brief,

and supplemental documents thereto.

Dated: March 13, 2012                          ELECTRONIC FRONTIER FOUNDATION

                                               _____/s/ Mitchell L. Stoltz_____
                                               MITCHELL L. STOLTZ (DC Bar No. 978149)
                                               mitch@eff.org
                                               CORYNNE MCSHERRY
                                               corynne@eff.org
                                               KURT OPSAHL
                                               kurt@eff.org
                                               ELECTRONIC FRONTIER FOUNDATION
                                               454 Shotwell Street
                                               San Francisco, CA 94110
                                               Telephone: (415) 436-9333
                                               Facsimile: (415) 436-9993

                                               Attorneys for Amicus
                                               ELECTRONIC FRONTIER FOUNDATION

                                               ARTHUR B. SPITZER (DC Bar No. 235960)
                                               artspitzer@gmail.com
                                               AMERICAN CIVIL LIBERTIES UNION OF THE
                                               NATION'S CAPITAL
                                               4301 Connecticut Avenue, N.W., Suite 434
                                               Washington, D.C. 20008
                                               Telephone: (202) 457-0800
                                               Facsimile: (202) 457-0805

                                               Attorney for Amicus
                                               AMERICAN CIVIL LIBERTIES UNION OF THE
                                               NATION'S CAPITAL

                                               ADEN J. FINE (D.C. Bar No. 485703)
                                               afine@aclu.org
                                               AMERICAN CIVIL LIBERTIES UNION
                                               FOUNDATION
                                               125 Broad Street, 18th Floor
                                               New York, NY 10004
                                               Telephone: (212) 549-2500
                                               Facsimile: (212) 607-3318
                                               www.aclu.org

                                               Attorney for Amicus:
                                               AMERICAN CIVIL LIBERTIES UNION
                                               FOUNDATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 13, 2012, I caused a true copy of the foregoing to be served upon the following individuals by U.S. First Class Mail, postage prepaid:

Paul A. Duffy
PRENDA LAW INC.
161 N. Clark Street, Suite 3200
Chicago, IL 60601
Tel : (312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com
Attorney for Plaintiff AF HOLDINGS LLC

Timothy A. O'Brien
MORRISON & FOERSTER
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 887-1500
Email: tobrien@mofo.com

Attorney for Interested Parties
COX COMMUNICATIONS, INC.,
VERIZON ONLINE LLC, and
BRIGHT HOUSE NETWORKS LLC

Bradley C. Weber
LOCKE LORD LLP
2200 Ross Avenue
Dallas, TX 75201-6776
Tel: (214) 749-8000
Email: bweber@lockelord.com

Attorney for Interested Party
SBC INTERNET SERVICES, INC.
*doing business as* AT&T INTERNET

SERVICES

John David Seiver
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, DC 20006
Tel: (202) 973-4200
Email: johnseiver@dwt.com

Leslie Gallagher Moylan
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-3402
Tel: (202) 973-4216
Email: lesliemoylan@dwt.com

Attorneys for Interested Party
COMCAST CABLE COMMUNICATIONS
LLC

Thomas P. Hartnett
THE LAW OFFICEOF THOMAS P.
HARTNETT
1310 Pennsylvania Avenue, SE
Washington, DC 20003
Tel: (202) 966-0066
Email: thartnett@tphatt.com

Attorney for Interested Party
ANDREW FIGNAR, JR.

        /s/ Mitchell L. Stoltz
        MITCHELL L. STOLTZ