**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>                Plaintiff,<br><br>v.<br><br>DOES 1 – 1,058,<br><br>                Defendants. | No.  1:12-cv-00048-BAH<br><br>Hearing Date:  April 27, 2012<br>Time:  10:30 A.M.<br>Courtroom:  15<br><br>(Hon. Beryl A. Howell) |

**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTY INTERNET SERVICE PROVIDERS BRIGHT HOUSE NETWORKS, LLC; COX COMMUNICATIONS, INC.; SBC INTERNET SERVICES, INC. D/B/A AT&T INTERNET SERVICES; AND VERIZON ONLINE LLC**

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................... 1

LEGAL ARGUMENT .............................................................................................................. 2

I.   THE SUBPOENAS SHOULD BE QUASHED BASED ON
     FATAL DEFECTS IN THE UNDERLYING LAWSUIT AND
     THE UNDUE BURDEN IMPOSED ON THE ISPs BY THESE
     AND SIMILAR "MASS DOE" ACTIONS. ................................................................. 2

     A.   Applicable Legal Standards:  The Subpoenas Must Be Quashed
          Where, as Here, They Impose an "Undue" Burden on the ISPs. ............................ 2

     B.   The Burden of Responding to These and Similar Subpoenas
          in Mass Doe Actions Is an Undue One Because Personal Jurisdiction
          Does Not Exist Over the Vast Majority of Targeted Subscribers. ........................... 3

     C.   The Record Before This Court Weighs Heavily in Favor of
          Addressing the Joinder of 1,058 Subscribers at the Outset. .................................... 8

     D.   By Its Silence, Plaintiff Effectively Concedes That Forum
          Shopping Exists Here and That It Selected This Forum in
          the Hopes of Obtaining the Broadest Range of Subscriber
          Information from the ISPs. ..................................................................................... 10

II.  IN THE ALTERNATIVE, THE ISSUES PRESENTED HERE SHOULD BE
     CERTIFIED FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b). ............................... 12

CONCLUSION ........................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*A. P. De Sanno & Son, Inc. v. Brown*,
 313 F.2d 898 (D.C. Cir. 1963) ................................................................................................13

*AF Holdings LLC v. Does 1-135*,
 No. 11-CV-03336, 2012 U.S. Dist. LEXIS 7493 (N.D. Cal. Jan. 19, 2012) ...........................12

*AF Holdings LLC v. Does 1-96*,
 No. C-11-03335, 2011 U.S. Dist. LEXIS 134655,
 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011) ..........................................................................5

*AF Holdings LLC v. Does 1-96*,
 No. C-11-3335, 2011 U.S. Dist. LEXIS 109816,
 2011 WL 4502413 (N.D. Cal. Sept. 27, 2011) ...................................................................6, 11

*AF Holdings, LLC v. Does 1-97*,
 No. C-11-03067, 2011 U.S. Dist. LEXIS 126225,
 2011 WL 5195227 (N.D. Cal. Nov. 1, 2011) ..........................................................................11

*Berlin Media Art v. Does 1-654*,
 No. C-11-03770, 2011 U.S. Dist. LEXIS 120257,
 2011 WL 36383080 (N.D. Cal. Oct. 18, 2011) .........................................................................4

*BMG Music v. Does 1-4*,
 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006) .........................................................8

*Boy Racer, Inc. v. Doe*,
 2011 U.S. Dist. LEXIS 108685 (N.D. Cal. Sept. 22, 2011) ......................................................6

*Call of the Wild Movie, LLC v. Does 1-1,062*,
 770 F. Supp. 2d 332 (D.D.C. 2011) ......................................................................................5, 8

*Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*,
 148 F.3d 1080 (D.C. Cir. 1998) .......................................................................................1, 2, 5

*Cobbledick v. United States*,
 309 U.S. 323 (1940) ................................................................................................................12

*Crawford v. Dothan City Bd. of Educ.*,
 214 F.R.D. 694 (M.D. Ala. 2003) .............................................................................................8

*DigiProtect USA Corp. v. Does 1-240*,
   No. 10 Civ. 8760, 2011 U.S. Dist. LEXIS 109464,
   2011 WL 4444666 (S.D.N.Y. Sept. 26, 2011)..........................................................................4

*Donkeyball Movie, LLC v. Doe*,
   810 F. Supp. 2d 20 (D.D.C. May 12, 2011)......................................................................8, 10

*Exponential Biotherapies, Inc. v. Houthoff Buruma N. V.*,
   638 F. Supp. 2d 1 (D.D.C. 2009) ........................................................................................2

*Grant v. Chevron Phillips Chem. Co. L.P.*,
   309 F.3d 864 (5th Cir. 2002) ...............................................................................................13

*Hard Drive Prods. v. Does 1-188*,
   No. C-11-01566, 2011 U.S. Dist. LEXIS 94319,
   (N.D. Cal. Aug. 23, 2011).................................................................................................4, 9

*Hard Drive Prods. v. Does 1-30*,
   No. 2:11-CV 345, 2011 U.S. Dist. LEXIS 119333,
   2011 WL 4915531 (E.D. Va. Oct. 17, 2011).............................................................4, 5, 12

*Hard Drive Prods. v. Does 1-130*,
   No. C-11-3826, 2011 U.S. Dist. LEXIS 132449 (N.D. Cal. Nov. 16, 2011) ...................10, 12

*In re Micron Tech. Sec. Litig.*,
   264 F.R.D. 7 (D.D.C. 2010)..................................................................................................2

*In re Sealed Case*,
   827 F.2d 776 (D.C. Cir. 1987)............................................................................................13

*Interscope Records v. Does 1-25*,
   2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) ......................................................8

*K-Beech, Inc. v. Does 1-85*,
   No. 3:11-cv-469, 2011 U.S. Dist. LEXIS 124581,
   (E.D. Va. Oct. 5, 2011) .......................................................................................................12

*Laface Records, LLC v. Does 1-38*,
   2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) .....................................................8

*Linder v. Dep't of Defense*,
   133 F.3d 17 (D.C. Cir. 1998)................................................................................................2

*McGIP, LLC v. Does 1-149*,
   No. C-11-02331, 2011 U.S. Dist. LEXIS 108109,
   2011 WL 4352110 (N.D. Cal. Sept. 16, 2011) .....................................................................9

*Millenium TGA v. Doe*,
   No. 10-C-5603, 2011 U.S. Dist. LEXIS 110135,
   (N.D. Ill. Sept. 26, 2011) ................................................................................................4

*New Sensations, Inc. v. Does 1-1,474*,
   No. C-11-2770, 2011 U.S. Dist. LEXIS 140670 (N.D. Cal. Dec. 7, 2011) ..............................4

*Northwestern Mem'l Hosp. v. Ashcroft*,
   362 F.3d 923 (7th Cir. 2004) ..........................................................................................3

*Nu Image, Inc. v. Does 1-23,322*,
   799 F. Supp. 2d 34 (D.D.C. 2011) .......................................................................2, 3, 4, 11

*On the Cheap, LLC v. Does 1-5011*,
   No. C-10-4472, 2011 U.S. Dist. LEXIS 99831,
   2011 WL 4018258 (N.D. Cal. Sept. 6, 2011) ....................................................................4

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ....................................................................................................2, 3

*Patrick Collins, Inc. v. Does 1-2590*,
   No. C-11-2766, 2011 U.S. Dist. LEXIS 140913 (N.D. Cal. Dec. 7, 2011) ..........................4, 9

*Penguin Group (USA), Inc. v. Am. Buddha*,
   640 F.3d 497 (2d Cir. 2011) ............................................................................................4

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ........................................................................................................8

*SBO Pictures, Inc. v. Does 1-87*,
   No. Civ. A 11-1962, 2012 U.S. Dist. LEXIS 6968,
   2012 WL 177865 (D.D.C. Jan. 19, 2012) ........................................................................4

*Thatcher v. Hanover Ins. Group, Inc.*,
   659 F.3d 1212 (8th Cir. 2011) .......................................................................................11

*Voltage Pictures, LLC v. Does 1-5000*,
   No. Civ. A 10-0873, 2011 U.S. Dist. LEXIS 50787 (D.D.C. May 12, 2011) ....................10

**STATUTES**

28 U.S.C. § 1292 .................................................................................................................12

Fed. R. Civ. P. 26 ..................................................................................................................2

Fed. R. Civ. P. 45 ..............................................................................................................2, 3

## INTRODUCTION

The ISPs' motion noted an unbroken pattern in the "mass" (i.e., multi-defendant) Doe actions filed by Plaintiff's counsel on behalf of a revolving set of plaintiffs: These actions are pursued for the sole purpose of extracting subscriber information from the ISPs, and conclude without any defendant being served. Plaintiff's only response to this stark fact—also recognized by other courts—is to refer this Court to two *single*-defendant actions filed by Plaintiff's counsel (and a case filed as a 44-Doe action, in which it does not appear any defendant was served). The result of the multi-Doe defendant phenomenon is that the only targets of formal service of judicial process in Plaintiff's counsel's cases are the ISPs.

Contrary to Plaintiff's argument, the ISPs have standing to object to the subpoenas as unduly burdensome—taken alone or together. The defects in personal jurisdiction over the ISPs' subscribers could readily have been addressed by Plaintiff using the geolocational software that it has used in other cases to prepare more narrowly tailored complaints—and the discovery sought for them—in other courts. Plaintiff's decision to eschew such a pre-filing investigation here shows that Plaintiff *lacks* the requisite "good faith belief that such discovery will enable it to show that the court has personal jurisdiction" over the Doe defendants. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998). This point and the authority supporting it were raised in the moving papers, yet Plaintiff chose to ignore it.

The opposition also ignores entirely the clear record of forum shopping presented in the ISPs' motion. By its silence, Plaintiff implicitly concedes that its only reason for filing in this district is to search for a friendly forum for pursuing *en masse*—and without restriction on subsequent use—personal information for 1,058 subscribers. And the specter of "judge-specific shopping" (as evidenced, e.g., by Plaintiff dismissing voluntarily a case assigned to Judge

1

Wilkins in this district and then promptly re-filing it in Texas) is particularly troubling.

The ISPs respectfully submit that Plaintiff's subpoenas impose an improper burden on the ISPs, and that good cause for them is lacking. On this record, the subpoenas should be quashed.

**LEGAL ARGUMENT**

I. **THE SUBPOENAS SHOULD BE QUASHED BASED ON FATAL DEFECTS IN THE UNDERLYING LAWSUIT AND THE UNDUE BURDEN IMPOSED ON THE ISPs BY THESE AND SIMILAR "MASS DOE" ACTIONS.**

A. **Applicable Legal Standards: The Subpoenas Must Be Quashed Where, as Here, They Impose an "Undue" Burden on the ISPs.**

The moving papers explained that a subpoena must be quashed where it imposes an undue burden on a third-party (Fed. R. Civ. P. 45); where the burden "outweighs its likely benefit" (Fed. R. Civ. P. 26); or where "good cause" for it is lacking (*id.*)—which necessarily requires consideration of the specific circumstances of this case, including whether the materials sought are likely to establish personal jurisdiction over the Defendants. (Mtn. at 4-5, citing, *inter alia*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-53 & n.17 (1978) ["when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied"]; *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) [whether a subpoena is proper "'must be determined according to the facts of the case'"]; *Caribbean Broad.*, 148 F.3d at 1090 [requiring "at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant"].)[1]

Plaintiff does not cite or otherwise address the ISPs' cited authority for the applicable

---

[1] *See also Nu Image, Inc. v. Doe*, 799 F. Supp. 2d 34, 37 (D.D.C. 2011) (denying motion for discovery seeking ISPs' subscribers' identities); *In re Micron Tech. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C. 2010) (discussing the undue burden test and denying motion to compel production of materials from third-party government agency); *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (plaintiff must "reasonably demonstrate[] that it can supplement its jurisdictional allegations through discovery").

2

legal standards. It merely asserts—without citation—that the ISPs "lack standing" to complain that they have been subjected to hundreds of subpoenas in these mass Doe actions, purportedly because the proper scope of the lawsuits may be raised only by subscribers. (Opp. at 10.)[2] As the targets of discovery, the ISPs necessarily have standing to object. Fed. R. Civ. P. 45(c)(3)(A)(iv); *see also Micro-Tech*, 264 F.R.D. at 9-10 (explaining that a subpoena can impose an "undue burden" even where the witness has already identified the requested documents).

And simply put, *any* burden is an undue burden where the sought-after jurisdictional discovery is not likely to lead to a defendant being served in this lawsuit. *Oppenheimer Fund*, 437 U.S. at 352-53 & n.17; *Nu-Image*, 799 F. Supp. 2d at 37; *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 928-29 (7th Cir. 2004) (rejecting argument that a subpoena causes no undue burden merely because "the administrative hardship of compliance would be modest," but considering instead "the rash of suits around the country" and the publicity generated therefrom).

> **B.     The Burden of Responding to These and Similar Subpoenas in Mass Doe Actions Is an Undue One Because Personal Jurisdiction Does Not Exist Over the Vast Majority of Targeted Subscribers.**

The moving papers cite 11 cases holding that broad pre-Rule 26 discovery is improper— or that Doe defendants should be dismissed before any discovery to identify them could be authorized—where plaintiff failed to make a threshold showing that the Does are likely to be subject to personal jurisdiction. (Mtn. at 6, 8-9.) These decisions, from courts in this district,[3]

---

[2] Compare with Mtn. at 4-5 and Cadenhead Decl. ¶¶ 2-5, Moriarty Decl. ¶¶ 2-4, and Huffman Decl. ¶ 9 & Ex. L.

[3] *Nu Image*, 799 F. Supp. 2d at 38-40 (citing *Penguin Group (USA), Inc. v. Am. Buddha*, 640 F.3d 497, 500-01 (2d Cir. 2011)); *SBO Pictures, Inc. v. Does 1-87*, 2012 U.S. Dist. LEXIS 6968, at *3-4 (D.D.C. Jan. 19, 2012).

the Southern District of New York,[4] the Eastern District of Virginia,[5] the Northern District of California,[6] and the Northern District of Illinois,[7] each issued in the last six months and in the face of increasing waves of multi-Doe actions that have sought subscriber information en masse, and migrated across districts to do so. Plaintiff does not cite or respond to any of these cases.

Several of these recent decisions reversed course from earlier rulings that had permitted broad discovery from the ISPs, based in part on the recognition that "geolocation services … are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant" and thus could be used to limit the scope of mass Doe actions to comport with personal jurisdictional standards—as well as to permit greater judicial oversight. *Nu-Image*, 799 F. Supp. 2d at 40; *see also SBO Pictures*, 2012 U.S. Dist. LEXIS 6968, at *8-9 (ordering plaintiff to provide facts supporting its statement that "[b]y using geo-location technology, [it] has attempted to assure that the IP addresses are likely within the geographic location of the Court"); *Berlin Media Art*, 2011 U.S. Dist. LEXIS 120257, at *4-6 ("with minimal effort, the Court was able to utilize one of many free and publicly available services to look up the locations affiliated with IP addresses for which Plaintiff seeks discovery").

---

[4] *DigiProtect USA Corp. v. Does 1-240*, 2011 U.S. Dist. LEXIS 109464, at *8-10 (S.D.N.Y. Sept. 26, 2011).

[5] *Hard Drive Prods. v. Does 1-30*, 2011 U.S. Dist. LEXIS 119333, at *7-10 (E.D. Va. Oct. 17, 2011).

[6] *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *1 (N.D. Cal. Sept. 6, 2011); *Patrick Collins, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 140913, at *8 (N.D. Cal. Dec. 7, 2011); *New Sensations, Inc. v. Does 1-1,474*, 2011 U.S. Dist. LEXIS 140670, at *7-9 (N.D. Cal. Dec. 7, 2011); *Hard Drive Prods. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *30-40 (N.D. Cal. Aug. 23, 2011); *Berlin Media Art v. Does 1 - 654*, 2011 U.S. Dist. LEXIS 120257, at *4-6 (N.D. Cal. Oct. 18, 2011).

[7] *Millenium TGA v. Doe*, 2011 U.S. Dist. LEXIS 110135 (N.D. Ill. Sept. 26, 2011).

*Cf.*, *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011) ("jurisdictional discovery is available when a party has 'at least a good faith belief' that it has personal jurisdiction" [quoting *Caribbean Broad.*, 148 F.3d at 1090]).

Indeed, this Plaintiff and its counsel have used geolocation software routinely in other districts to limit the scope of their complaints (and the concomitant discovery sought for them):

> Plaintiff also represents that it has used geolocation technology to trace the IP addresses of each Doe Defendant to California; in other words, Plaintiff has made a prima facie showing of personal jurisdiction.

*AF Holdings LLC v. Does 1-96*, 2011 U.S. Dist. LEXIS 134655, at *6-7 (N.D. Cal. Nov. 22, 2011); *see also Patrick Collins, Inc. v. Does 1-58*, 2011 U.S. Dist. LEXIS 120235, at *1-2 (E.D. Va. Oct. 5, 2011) ("To establish personal jurisdiction in this district, the plaintiff used geolocation technology and traced the Internet Protocol ("IP") addresses of each defendant to acquire the general location and time of the alleged infringement."; action involving Plaintiff's current counsel in which the court severed Does 2-58); *Hard Drive Prods. v. Does 1-30*, 2011 U.S. Dist. LEXIS 119333, at *2 (E.D. Va. Oct. 17, 2011) (same).[8]

The opposition brief, however, does not respond to the ISPs' point that locational software permits Plaintiff to craft a more narrowly tailored complaint, nor does it explain why Plaintiff declined to conduct such a pre-filing investigation in this case. (Compare Mtn. at 7-8.)

Plaintiff argues, instead, that even the personal information sought by the subpoenas—the

---

[8] The authorities cited by Plaintiff for the proposition that a "discussion of personal jurisdiction is premature" until after Plaintiff has harvested the subscriber information from the ISPs do not address (1) the availability of geolocation software, (2) a record in which it was plain that the discovery sought would not be used to serve the multiple Doe defendants, or (3) the practical implications of permitting broad discovery of the ISPs: that Plaintiff will have a "safe haven" to achieve in this Court what other courts have held is impermissible. (Opp. at 8-9.)

5

names, phone numbers and billing addresses associated with 1,058 IP Addresses—would not provide "a suggestion" of whether personal jurisdiction exists over the Does. (Opp. at 10.) This argument is irreconcilable with representations made by Plaintiff's counsel in other courts: that the information sought from the ISPs was needed to prosecute claims against defendants in the forum. *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 108685, at *1-2 (N.D. Cal. Sept. 22, 2011) (quoting Plaintiff's counsel's representation that subpoenas to the ISPs "would 'fully identify each P2P network user suspected of violating the plaintiff's copyright'").[9]

Plaintiff also notes that the Defendants "could consent" to jurisdiction, but it fails to refute that, as a practical matter, the 1,000-plus Does will not be named as Defendants or served here—and thus, the proper scope of this lawsuit and the third-party discovery sought for it must be addressed now, or never. In *AF Holdings v. Does 1-135*, No. 5:11-cv-03336, the district court ordered Plaintiff's counsel to identify all "BitTorrent copyright infringement cases involving ***multiple joined*** John Doe Defendants filed by Plaintiff's counsel's law firm," and for each such case, "indicate how may Doe defendants were actually served." (Huffman Decl. Ex. L at 6, emphasis added.) Plaintiff's counsel responded by listing 118 multiple Doe defendant suits and declaring that "no defendants have been served" in any of them. (*Id.*)[10]

In response, Plaintiff now argues that the ISPs have somehow misconstrued the pattern

---

[9] Compare *AF Holdings LLC v. Does 1-96*, 2011 U.S. Dist. LEXIS 109816, *7 (N.D. Cal. Sept. 27, 2011) (denying leave to conduct discovery because experience with current Plaintiff's counsel shows that the discovery is not "likely to lead" to identification of the actual infringers).

[10] The ISPs' moving papers explained, based on Plaintiff's counsel's own declaration, that none of the ***multi-defendant*** (i.e., "mass") Doe actions has resulted in a defendant being served. The Order to Show Cause to Plaintiff's counsel in *AF Holdings v. Does 1-135* did not ask about single-defendant copyright lawsuits (compare Opp. at 2, n. 4)—and the plague of subpoenas facing the ISPs is caused by multi-Doe defendant actions, in which Plaintiff's counsel subpoenas records for hundreds or thousands of subscribers in a single action.

6

that has emerged in these multi-Doe defendant actions (as evidenced by Plaintiff's counsel's own declaration), purportedly because Plaintiff's counsel has handled four other cases—not listed in its declaration —in which a defendant was served. (Opp. at 2 & n.4; *compare* Huffman Decl. Ex. L.)  Two of these cases are single-defendant copyright actions, not mass Doe actions.[11] In the third listed case, plaintiff *named* one defendant among 44 Does, but the court's docket does not reflect a returned summons showing service on him.[12]  The fourth case identified in Plaintiff's opposition, *Boy Racer, Inc. v. Williamson*, N.D. Cal. Case No. 11-3072, appears to have been mis-cited by Plaintiff or does not exist.[13]

In sum, the record is plain that the serial discovery being sought by Plaintiff's counsel in courts across the country is not being used to establish personal jurisdiction over defendants— nor has Plaintiff shown here "a good faith belief that such discovery will enable it to show that the court has personal jurisdiction" over the Defendants.  *Caribbean Broad.*, 148 F.3d at 1090.[14]

---

[11] *Achte/Nuente Boll Kino v. Famula*, No. 1:11-cv-00903 (N.D. Ill. filed Feb. 9, 2011) (concluding in a default judgment of $4,600); *Achte/Nuente Boll Kino v. Novello*, No. 1:11-cv-00898 (N.D. Ill. filed Feb. 9, 2011) (action pending).

[12] *Hard Drive Prods. v. Ahmed*, No. 1:11-cv-02828 (N.D. Ill. filed Oct. 25, 2011) (all defendants dismissed voluntarily by February 15, 2012).

[13] In the Northern District of California, Plaintiff's counsel has filed four complaints for plaintiff "Boy Racer, Inc." and additional complaints for "Boy Racer Inc.," but the court's docket for these actions does not show that any defendant has been sued by name or served.

[14] Plaintiff's final argument—that discovery of out-of-state subscribers' personally identifying information could be proper *if* Plaintiff later elected to seek leave "to include class allegations"—is meritless. (Opp. at 12.)  Lack of personal jurisdiction over members of a "defendant class" would be an impediment to class certification, and leave to conduct discovery to identify potential "defendant class members" should be denied without a class action complaint on file and a motion for class certification at least pending. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 n.3 (1985); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) ("Where discovery is sought in the absence of a conditionally certified collective action, however, such discovery has been denied.").

The subpoenas to the ISPs are thus overbroad and unduly burdensome and should be quashed.

  **C.  The Record Before This Court Weighs Heavily in Favor of Addressing the Joinder of 1,058 Subscribers at the Outset.**

The ISPs acknowledge that courts are divided as to whether joinder in mass Doe actions should be addressed at the outset. (*See* Mtn. at 9-12 citing 10 cases that held that multiple Does were misjoined, and comparing *Call of the Wild*, *Donkeyball Movie*, and other cited authority.)

Plaintiff, however, does not address (or even acknowledge) the split of authority over "mass joinder." Its only discussion of the ISPs' "cited cases" appears to have been cut-and-paste from a different brief involving other parties: the cases that Plaintiff attempts to distinguish were not cited in the moving papers and pre-date by several years the recent waves of mass Doe actions involving sexually explicit films. (Opp. at 15-16.)[15]

Accordingly, Plaintiff has no response to the concerns voiced by the cases the ISPs did cite: that Plaintiff's strategy "effectively precludes consideration of joinder issues at a later point in the proceedings. By not naming or serving a single defendant, [Plaintiff] ensures that … the court will never have the opportunity to evaluate joinder. Deferring a ruling on joinder, then, would "encourage[] [p]laintiffs … to join (or misjoin) as many doe defendants as possible…." *McGIP, LLC v. Does*, 2011 U.S. Dist. LEXIS 108109, at *10 (N.D. Cal. Sept. 16, 2011).

Several of the cases that Plaintiff cites for the erroneous proposition that joinder of thousands of Does is proper have been revisited by the issuing courts. For example, Plaintiff cites *Patrick Collins, Inc. v. Does 1-2,590*, 2011 WL 4407172 (N.D. Cal. Sept. 22, 2011)

---

[15] The ISPs did not cite the cases involving song recordings that Plaintiff attempts to distinguish: *e.g.*, *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008); *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004).

8

(Opp. at 14, 17), but ignores that the court dismissed the action three months later, explaining:

> Although the Court initially granted leave for expedited discovery, in the ensuing months, … a check of the Court's docket disclosed that no defendant had appeared and no proofs of service had been filed. At the same time, the Court became aware of an outbreak of similar litigation in this District and around the country, and the concerns raised by some of the judges presiding over these cases. Plaintiff's most recent filing does nothing to show why his matter should not be dismissed for misjoinder and improper venue. Therefore … the Court finds that the Doe Defendants named in this case are improperly joined…. [and] that it is fundamentally unfair to require a defendant from outside this District to incur the substantial costs necessary to file a motion to quash in this District when Plaintiff has the ability to discern in advance which IP addresses are at least likely to be from this District.

*Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-2766 (N.D. Cal. Dec. 15, 2011), ECF No. 95.[16]

Since the dismissal of its action against 2,590 Does in December 2011, plaintiff Patrick Collins, Inc. has not filed an additional complaint in the Northern District of California.[17]

As stated in the moving papers, the ISPs recognize that *Call of the Wild* (decided in March 2011) and its progeny (*e.g., Donkeyball Movie* and *Voltage Pictures*, decided in May 2011), reached a contrary conclusion about mass joinder—but they preceded the exponential

---

[16] *See also Patrick Collins, Inc. v. Does 1-2,590*, 2011 U.S. Dist. LEXIS 140913, at *3 (N.D. Cal. Dec. 7, 2011) ("Since granting Plaintiff's request, it has become clear that jurisdiction is likely lacking over many of the Doe Defendants, and that venue is also improper…. the Court has subsequently utilized one of many free and publicly available services to look up the locations affiliated with the IP addresses for which Plaintiff seeks discovery…").

[17] Compare also the unpublished orders in the *Hard Drive Productions* cases cited by Plaintiff (Opp. at 9-10) with *Hard Drive Prods. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *30-40 (quashing subpoenas and severing and dismissing Does) and *Hard Drive Prods. v. Does 1-130*, 2011 U.S. Dist. LEXIS 132449 (N.D. Cal. Nov. 16, 2011) (denying leave to take discovery of multiple Does' identities and dismissing Does 2-130).

growth of the mass Doe action and could not have predicted the unbroken pattern that has developed in Plaintiff's counsel's cases. (Subsequent events show that even in *Call of the Wild* and *Donkeyball Movie*, few, if any, Defendants were formally served; the plaintiffs simply dismissed those actions after harvesting personal information from the ISPs.)[18]

The ISPs respectfully submit that, on the record before the Court, deferring a decision on misjoinder pending the results of discovery of the ISPs effectively would insulate Plaintiff from its obligation to prepare a complaint that satisfies Rule 20. *See, e.g.*, *McGIP, LLC v. Does*, 2011 U.S. Dist. LEXIS 108109, at *9-10 (N.D. Cal. Sept. 16, 2011) (a threshold evaluation of joinder "is critical to ensuring compliance with the Federal Rules of Civil Procedure"). For these additional reasons, the subpoenas should be quashed.

### D. By Its Silence, Plaintiff Effectively Concedes That Forum Shopping Exists Here and That It Selected This Forum in the Hopes of Obtaining the Broadest Range of Subscriber Information from the ISPs.

Strikingly absent from the opposition is any discussion of Plaintiff's selection of forum for this lawsuit, or any response to the facts showing the inter-district forum shopping by Plaintiff, or the *intra*-district shopping shown by Plaintiff's counsel's practice of filing complaints in this district and then dismissing them voluntarily based on the judicial assignment. (Mtn. at 12-14.) *See Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) (the failure to address an argument in opposition is tantamount to conceding it).

Indeed, to concede forum-shopping is the only response that Plaintiff's counsel could muster here: One of the cases that was filed by Plaintiff's counsel in this district and dismissed

---

[18] *Call of the Wild Movie, LLC v. Does 1-331*, No. 1:10-cv-00455 (all defendants dismissed voluntarily as of Oct. 20, 2011); *Donkeyball Movie v. Does 1-171*, No. 1:10-cv-01520 (all defendants dismissed voluntarily as of June 16, 2011).

voluntarily within days of being assigned to Judge Wilkins was re-filed *four days later* in the Southern District of Texas—by the same plaintiff, based on the same film, and seeking discovery from the ISPs of the same IP Addresses.  Compare *Millennium TGA, Inc. v. Does 1-939*, No. 1:11-cv-02176-RLW (D.D.C. dismissed voluntarily on Dec. 16, 2011) and *Millennium TGA, Inc. v. Doe*, No. 4:11-cv-04501 (filed in S.D. Tex. on Dec. 20, 2011).[19]  These facts, without more, would justify denying leave to conduct discovery of the ISPs in this copycat case.  *E.g.*, *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1215 (8th Cir. 2011) (requiring court to consider whether plaintiff's filing and voluntary dismissal "was an improper forum-shopping measure").

      The rest of Plaintiff's arguments about the "equities" are make-weight.  For example, the ISPs' motion referred to Plaintiff's state of residence in the Caribbean Sea to illustrate that Plaintiff has no specific connection to this district, not to disparage citizens of the Island of Nevis, as Plaintiff bombastically suggests.  (Compare Mtn. at 6 and Opp. at 19.)  The "situs of the injury" is also not in this district (*Nu-Image*, 799 F. Supp. 2d at 38-39); three of the ISPs do not even provide Internet service in this district.  (Cadenhead Decl. ¶ 5; Compton Decl. ¶ 4; Frendberg Decl. ¶¶ 2-3.)  Again, the only reason for filing in this Court is a hope that Plaintiff will be permitted to obtain the personal information en masse and without restriction—while other courts have denied more limited requests for discovery.  *See, e.g.*, *AF Holdings*, 2011 U.S. Dist. LEXIS 126225; *AF Holdings LLC v. Does 1-96*, 2011 U.S. Dist. LEXIS 109816 (N.D. Cal. Sept. 27, 2011); Huffman Decl. Ex. L; *see also* cases cited in Mtn. at 12-16.

      Plaintiff also does not respond to the legitimate concerns expressed by courts that, through repetitive third-party subpoenas, "plaintiffs have used the offices of the Court as an

---

[19] Plaintiff's counsel then issued subpoenas to the ISPs out of the Northern District of Illinois, based on the location of Plaintiff's counsel's offices, not the location of subscribers.

inexpensive means to gain the Doe defendants' personal information and to coerce payment from them"[20]—other than to say that "public policy … favor settlement." (Opp. at 19.) True, but in the ordinary case the litigants are before the court, which retains jurisdiction to discourage "threatening behavior on behalf of Plaintiffs"[21] and "coercive and unjust 'settlement'"[22]—and, unlike in AF Holdings' cases, the disputes brought to a court's attention typically go beyond those involving subpoenaed non-parties. *AF Holdings LLC v. Does 1-135*, 2012 U.S. Dist. LEXIS 7493 (N.D. Cal. Jan. 19, 2012) (order to show cause for failure to serve defendants).

## II. IN THE ALTERNATIVE, THE ISSUES PRESENTED HERE SHOULD BE CERTIFIED FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b).

For the reasons already stated, the ISPs submit that the proper course is to grant their motion. If, arguendo, the Court were to disagree, all requirements for certifying the decision for appeal are satisfied, and doing so would advance the interests of justice by providing an appellate court the opportunity to weigh in on unsettled issues recurring throughout the country.

Contrary to Plaintiff's argument that the ISPs will have "every opportunity to file an appeal at the conclusion of this litigation" (Opp. at 4), *no* opportunity for appeal will exist absent certification by this Court (or a petition for writ of mandamus). *Cobbledick v. United States*, 309 U.S. 323, 326 (1940) (explaining that a subpoenaed non-party must be held in contempt to create a final appealable order, and "could not be party to an appeal taken at the conclusion of the main case"); *In re Sealed Case*, 827 F.2d 776, 777 (D.C. Cir. 1987) (same).

---

[20] *K-Beech, Inc. v. Does*, 2011 U.S. Dist. LEXIS 124581, at *7 (E.D. Va. Oct. 5, 2011).

[21] *Hard Drive Prods. v. Does 1-30*, 2011 U.S. Dist. LEXIS 119333, at *9.

[22] *Hard Drive Prods. v. Does 1-130*, 2011 U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011).

The authority cited in the moving papers, and unaddressed by Plaintiff, underscores that the issues presented here cry out for uniformity of decision.  *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 875 (5th Cir. 2002) (issues involving an "intra-district division of authority" are particularly appropriate for interlocutory appeal); *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1151 (1st Cir. 1992) (jurisdictional questions of an "unsettled nature" are properly certified for appeal); *A. P. De Sanno & Son, Inc. v. Brow*n, 313 F.2d 898 (D.C. Cir. 1963) (accepting for appeal certified order denying motion to quash service).

## CONCLUSION

For the reasons discussed in the moving papers and herein, the subpoenas issued to the ISPs should be quashed.  In the alternative, the ISPs respectfully request that the Court issue an order certifying for appeal a ruling on this motion.

Dated: March 16, 2012  Respectfully submitted,

By:   /s/ Tim A. O'Brien

Deanne E. Maynard, D.C. Bar No. 432382
Tim A. O'Brien, DC. Bar No. 484700
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, D.C. 20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763
DMaynard@mofo.com
TOBrien@mofo.com

Benjamin J. Fox (Pro Hac Vice Pending)
Morrison & Foerster LLP
555 W. 5th Street
Los Angeles, CA 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454
BFox@mofo.com

Attorneys for
Bright House Networks LLC,
Cox Communications, Inc.,
Verizon Online LLC

(*Signature Block Continues on Next Page*)

14

| | |
|---|---|
| Dated:  March 16, 2012 | Respectfully submitted, |

                              By:    /s/ Bradley C. Weber  

                                  Bradley C. Weber, D.C. Bar No. 983329
Locke Lord LLP
701 8th Street, N.W., Suite 700
Washington, D.C. 20001
Telephone: (202) 220-6954
Facsimile: (214) 756-8497
BWeber@lockelord.com

Bart W. Huffman
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, Texas  78701
Telephone:  (512) 305-4746
Facsimile:  (512) 391-4741
BHuffman@lockelord.com

Attorneys for
SBC Internet Services, Inc.,
d/b/a AT&T Internet Services

1161688

15