UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| AF HOLDINGS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case : 1:12-cv-00048 |
| ) | |
| DOES 1 – 1058, ) | Judge : Hon. Beryl A. Howell |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA

An anonymous individual ("Movant") filed a motion to quash or modify a subpoena purportedly issued to RCN Telecom Services, Inc. c/o C T Corporation System UNK ("RCN Telecom"). (ECF No. 22.) In support of his motion, Movant argues that the Defendants have been misjoined, the Court lacks personal jurisdiction over the Defendants and the subpoena violates the United States Constitution. (*Id.* at 2.) The Court should deny Movant's motion because it suffers from two fatal procedural defects and because none of his arguments are germane to the legal standard for deciding whether to quash or modify a subpoena.

### ARGUMENT

This brief consists of two parts. Part I argues that Movant's motion suffers from two fatal procedural defects. Part II argues that Movant's substantive arguments are erroneous and premature.

I. **MOVANT'S MOTION SUFFERS FROM TWO FATAL PROCEDURAL DEFECTS**

Movant's motion should be denied because it suffers from two fatal procedural defects. Movant's motion failed to comply with Federal Rule of Civil Procedure 11. Movant lacks standing to raise the arguments in his motion.

**A. Movant's Motion Should be Struck for its Failure to Comply with Federal Rule of Civil Procedure 11**

Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The court in *IO Group, Inc. v. Does 1–244* explained that filings in violation of Rule 11's signature requirements are improper. No. 10-03647 (N.D. Cal. May 10, 2011) ("There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so.") Movant's motion is therefore improper and should be struck.

Allowing anonymous persons to litigate before a court poses many problems, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. Courts routinely strike motions for violations of Rule 11. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). Movant fails to provide a name, address, e-mail address, telephone number, or even an IP address. (*See generally* ECF No. 22.) He merely identifies himself as "One of the the [sic] John Does." (*Id.*)

This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits. In fact, there are non-trivial reasons to believe that Movant is not an interested party, but instead a member of the online blog, "DieTrollDie," whose members have apparently already attempted to submit an anonymous filing in this case. (*See* DieTrollDie blog entry, dietrolldie.com (Feb. 20, 2012)) ("I came across this document while seeing if my last torpedo (declaration) was filed in the Prenda Law (AKA Steele Hansmeier) case AF Holdings LLC, v. Does 1-1058, case 1:12-cv-00048, District of Columbia."). In other words, the community of infringers is actively collaborating— much as they do with their BitTorrent activities—to submit anonymous pleadings and declarations to the Court in hopes of discrediting copyright holders.

Even if Movant is not associated with the online blog 'DieTrollDie,' if allowed to proceed anonymously, Movant could claim anything he wanted in the motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to

3

protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-00059, ECF No. 22 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion for its non-compliance with this essential rule.

### B. Movant Lacks Standing to Raise the Arguments in His Motion

Movant's motion to quash one of the multiple subpoenas issued to a nonparty ISPs should be denied because Movant lacks standing to bring the arguments he raises. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."); *see also* 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994). All subpoenas issued pursuant to the Court's January 30 Order (ECF No. 5) were issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant. A party to an action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Moore's Federal Practice* § 45.50[3]; *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957));

*Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

The application of this well-established rule would not leave ISP subscribers without recourse, as an exception to this general rule may be applicable under certain circumstances. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997); *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii) (a motion to quash may be brought if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies."). Movant failed to claim a personal right of privilege anywhere in his motion. (*See generally* ECF No. 22.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

## II. MOVANT'S SUBSTANTIVE ARGUMENTS ARE ERRONEOUS AND PREMATURE

Movant's motion should also be denied on the substance of his arguments. Joinder is proper at this early stage of the litigation. Movant's personal jurisdiction argument is premature. Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest.

### A. Joinder is Proper at this Early Stage of the Litigation

Movant argues that "Plaintiff's joinder of 1,058 defendants in this single action is improper . . . ." (ECF No. 22 at 2.) The majority of courts across the country, considering cases with nearly identical facts, however, have decided that joinder is proper at this stage in the litigation. *Voltage Pictures, LLC v. Does 1-5,000*, No. 10-0873, 2011 WL 1807438 at *8 (D.D.C. May 12, 2011) ("Joinder in this case at this stage of the litigation is proper."); *First Time Videos,*

5

*LLC v. Does 1-76*, No. 11-3831 (N.D. Ill. Aug. 16, 2011), ECF No. 38 at *10 ("in any event, findings of misjoinder is such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery."); *Patrick Collins, Inc. v. Does 1-2,590*, No. 11-2766, 2011 WL 3740487 at *6 (N.D. Cal. 2011) ("Based on this information, the Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of 'same transaction, occurrence, or series of transactions or occurrences' for purposes of Rule 20(a)(1)(A)."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 343-344 (D.D.C. 2011).

The cases cited by Movant in support of his misjoinder arguments are plainly distinguishable from the instant case. The decisions in *BMG Music v. Does 1-203*, No. 04-650, 2004 WL 953888 at *1 (E.D. Pa. Apr. 2, 2004), *Laface Records, LLC v. Does 1-38*, No. 07-298, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), and *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (N.D. Cal. 2006), all cited by Movant (ECF No. 22 at 2-3), involve different file transfer protocols, different pleadings and different procedural contexts. The plaintiffs in those cases did not even allege any collaboration among the defendants, much less infringement of the *same copyrighted work*. For example, in *BMG v. Does 1-4*, Doe #2 was alleged to have infringed on recordings by MC Lyte, LL Cool J, Mariah Carey and Busta Rhymes, while Doe #3 was alleged to have infringed on recordings by Ideal, Kelly Price, Mary J. Blige, Pink, SWV and Usher—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, *BMG Music v. Does 1-4*, No. 06-01579, ECF No. 1 (alleging only that the defendants

6

committed violations of the same law by the same means.). Further, the copyrights to the various recordings were held by a variety of recording companies. *Id*. This stands in stark contrast to Plaintiff's pleading where it is alleged that Defendants violated a *single* copyright work, belonging to a *single* Plaintiff, and that the infringers *actually interacted with each other* in a single BitTorrent swarm. (ECF No. 1.)

These cases are further distinguishable because they all involved the FastTrack, and not the BitTorrent, protocol. Unlike the BitTorrent protocol, FastTrack never had swarms that required the cooperation and concerted action of many users; it only had individuals. The plaintiffs in the cases cited by Movant could only allege violations of the same law by using the same means. *See, e.g.*, Complaint for Copyright Infringement, ¶ 20, *LaFace Records*, No. 07-cv-00298, 2007 WL 4717470 (Aug. 8, 2007) ("[E]ach Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the same ISP.")

Finally, Movant cites to an order from the Honorable Judge Baker in *VPR Internationale, v. Does 1-1017*, 11 C 2068, 2011 U.S. Dist. LEXIS 64656 (N.D. Ill. Apr. 29, 2011). (ECF No. 22 at 3.) What Movant fails to tell the Court was that this case was decided in the context of a motion for discovery in a class action case. This motion involved entirely different issues (e.g. whether a class action procedural framework could *possibly* be used to pursue anonymous copyright infringers) This analysis is completely inapplicable to this case, which does not involve class allegations.

### B. Movant's Challenge to Personal Jurisdiction is Premature

Movant argues that "the Court appears to lack personal jurisdiction over the Defendants." (ECF No. 22 at 4.) Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin Records America, Inc. v. Does 1-35*, No. 05-1918, 2006 WL 1028956 at *3 (D.D.C. 2006) ("The first reason that [the movant's] Motion to Quash is without merit is because it is premature to consider the question of personal jurisdiction in the context of a subpoena directed at determining the *identity* of the [movant]."); *AF Holdings LLC v. Does 1-1140*, No. 11-1274 (D.D.C. Jan. 30, 2012), ECF No. 29 at *3 ("Regarding the putative defendants' jurisdictional and merits arguments, these arguments are prematurely raised because the putative defendants are not named as defendants in this lawsuit and may never be named as defendants."); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011) ("[T]he Does argue that this Court may lack personal jurisdiction over them . . . . [This] argument is premature."). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

The Court currently has limited information to assess whether Movant's jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *MGCIP* [sic] *v. Does 1-316*, No. 10-C-6677, 2011 WL 2292958, at *2; *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011); *see also, e.g.*, *London-Sire Records*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as

8

true, it is possible that the Court properly has personal jurisdiction."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 347 (D.D.C. 2011). After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *MGCIP* [sic], 2011 WL 2292958, at *2; *Call of the Wild*, 770 F.Supp. 2d at 347; *see also MCGIP, LLC*, No. 11-cv-2887; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

### C. Plaintiff's Need for the Information Sought in the Subpoena Outweighs Movant's Limited Privacy Interest

Movant argues that he has a First Amendment right to anonymous online communication. (ECF No. 22 at 5.) Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest and his limited right to anonymous speech. *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *7 ("the undersigned agrees with the other members of this Court that the plaintiff has established a sufficient need for the putative defendants' personal information, and that such a need outweighs the putative defendants' right to anonymously utilize the BitTorrent technology . . . ."); *Voltage Pictures*, 2011 WL 1807438 at *3 ("whatever asserted First Amendment right to anonymity the putative defendants may have in this context does not shield them from allegations of copyright infringement."); *MCGIP, LLC v. Does 1-14*, No. 11-2887, at *2 (N.D. Ill. July 26, 2011), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that

Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy.").

Movant cannot cloak his identity in the First Amendment when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

## CONCLUSION

The Court should deny Movant's motion for its fatal procedural defects. Movant's motion failed to comply with Federal Rule of Civil Procedure 11. Movant lacks standing to raise the arguments in his motion.

Movant's motion should also be denied on the substance of his arguments. Joinder is proper at this early stage of the litigation. Movant's personal jurisdiction argument is premature. Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest.

        Respectfully submitted,

        AF Holdings LLC

**DATED**: March 29, 2012

        By: /s/ Paul A. Duffy
        Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Telephone: (312) 880-9160
        Facsimile:   (312) 893-5677
        E-mail: paduffy@wefightpiracy.com
        *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on March 29, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                                      /s/ Paul A. Duffy
                                                                    PAUL A. DUFFY