**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case : 1:12-cv-00048** |
| | ) | |
| DOES 1 – 1058, | ) | **Judge : Hon. Beryl A. Howell** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### PLAINTIFF'S RESPONSE TO COMCAST CABLE COMMUNICATIONS, LLC'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Non-party Comcast Cable Communications, LLC ("Comcast") filed a second notice of supplemental authority, attaching a magistrate judge's order and recommendations from *In Re: BitTorrent Adult Film Copyright Infringement Cases*, No. 11-03995 (E.D.N.Y. May 1, 2012) (ECF No. 39). The decision provided as supplemental authority involved different pleadings, a different procedural context, different factual underpinnings, different counsel and different parties than the instant case. By way of example, one of the plaintiffs in the "supplemental authority" was relying on trademark claims versus copyright infringement claims. (ECF No. 39-1 at 5).

Further, the "supplemental authority" is hardly persuasive authority because, *inter alia*, it is not a final decision. In *Arista Records, LLC v. Does 1-27*, 527 F. Supp. 2d 240 (D. Me. 2008) a magistrate judge recommended severance of copyright infringement claims. The district judge did not act on the recommendation, but instead stated that it was not troubled with the joinder of the multiple doe defendants in one lawsuit. *Id.* at 251. The court based its conclusion upon consideration of the plaintiffs' allegations regarding whether they had asserted that their right to relief related to or arose out of the same transaction or occurrence. *Id.* The court noted:

> [T]he Complaint alleges the Doe Defendants (1) engaged in copyright infringement on the internet; (2) uploaded and downloaded copyrighted sound recordings using peer-to-peer networks; and (3) accessed the peer-to-peer network though a common ISP—the same University. The Plaintiffs further assert that twenty-five of the twenty-seven Doe Defendants used the same peer-to-peer network and many infringed the same copyrighted sound recording or different copyrighted sound recordings from the same artist. Finally, they allege that the Doe Defendants have been "active participants in what can only be described as an online music swap meet, unlawfully copying copyrighted works from other users and distributing such works to other users.

*Id*. (internal citations omitted).  The court then stated, "[a]t the very least, it seems premature to make a final determination that joinder is not permissible under Rule 20." *Id*.  As a practical matter, the court noted that, because the court cannot dismiss a case for misjoinder pursuant to Rule 21, the "remedy, then, would be to break up this one lawsuit into individual causes of action, an alternative that does not exactly resonate with practicality." *Id*. at 251. Finally, the court stated:

> Regarding the magistrate judge's concern about the possibility of abuse of the litigation process by the Plaintiffs, the Court is again more sanguine. It is true, as the magistrate judge observes, that the Plaintiffs have not identified and served the Doe Defendants and that they seek their names through this lawsuit. It is also possible that once identified and served, the Doe Defendants will determine that it is in their best interests to resolve the case. But, the Court begins with the premise that the Plaintiffs have a statutorily protected interest in their copyrighted material and that the Doe Defendants, at least by allegation, have deliberately infringed that interest without consent or payment. Under the law, the Plaintiffs are entitled to protect their copyrighted material and it is difficult to discern how else in this unique circumstance the Plaintiffs could act. Not to act would be to allow those who would take what is not theirs to remain hidden behind their ISPs and to diminish and even destroy the intrinsic value of the Plaintiffs' legal interests.

*Id*. at 252.  The decision from the Eastern District of New York is non-final and does not

rise to the level of authority for this Court.  In addition, the reasoning applied in the order

referenced by Comcast has been rejected by the overwhelming majority of district courts

nationwide.


Respectfully submitted,

AF HOLDINGS LLC

**DATED**: May 4, 2012


By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 4, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

      /s/ Paul A. Duffy
     PAUL A. DUFFY