**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    *Plaintiff*,<br>v.<br><br>DOES 1 – 1,058,<br><br>    *Defendants.* | No. 1:12-CV-00048-BAH |

**NON-PARTY COMCAST CABLE COMMUNICATIONS, LLC'S
RESPONSE TO REQUEST FOR JUDICIAL NOTICE**

Non-Party Comcast Communications, LLC respectfully responds to the recent filing by Plaintiff AF Holdings LLC ("AF Holdings") requesting the Court to take judicial notice of a "fact" that Comcast gave notice in another copyright infringement proceeding demonstrates that Comcast's objections to AF Holdings' subpoena here "were not made in good faith" and that "absent a plausible explanation, Comcast's objections are irrefutably a sham." (*See* Dkt. 42, Plaintiff's Request for Judicial Notice) (hereinafter "AF's Request").

Comcast is not sure what needs explanation, but as the Court and AF Holdings are aware, oftentimes Comcast sends notice to its subscribers while objections to subpoenas and motions to compel, quash, and/or to dismiss are pending. Sending notice alone does not constitute "compliance" with AF Holdings' subpoena, as the subpoena does not ask for notice, but for disclosure; entities such as Comcast must give notice in response to an Order before any disclosures can be made. 47 U.S.C. § 551. The "fact" that in many instances, including many of AF Holdings' counsel's other cases, Comcast provides notice to its subscribers is simply not relevant to the propriety of objections and oppositions to motions to compel. For example, in the case cited in AF's Request, *Nu Image, Inc. v. Does 1-3,932*, 2:11-cv-00545-JES-SPC (M.D. Fla.

May 8, 2012), no disclosures have been made, which is consistent with Comcast's action in this proceeding.[1]

AF Holdings' counsel, however, should be very careful with his statements. Counsel has been caught playing fast and loose with orders and rules in a case in this Court. Just last week, Judge Huvelle ordered Bubble Gum Productions LLC (another of AF Holdings' counsel's cases pending on a motion to compel) to "show cause why sanctions should not issue against it for attempting to perpetrate a fraud upon the Court." *Bubble Gum Productions, LLC v. Comcast*, No. 1:12-mc-00382-ESH, Memorandum Opinion and Order [Dkt. 6] (filed July 27, 2012). The reason for Judge Huvelle's order was that on the day Bubble Gum filed its motion to compel in this Court, and four days later when it submitted an amended motion to compel, counsel concealed the "fact" that the court where the underlying action was pending had "vacate[d] the portion of its Order Granting Leave to Conduct Early Discovery [DE 9] that authorizes the issuance of the subpoenas on the ISPs for identifying information for Does 2-80 as these Defendants are no longer parties to this lawsuit." *Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, Omnibus Order Granting Defendants' Motions to Sever, Dismissing the Claims Against Does 2-80 Without Prejudice, and Vacating the Portion of the Court's Order Granting Early Discovery As to Does 2-80, at *10 [Dkt. 40] (S.D. Fla. July 19, 2012) ("July 19 Order"). In the July 19 Order, the court found misjoinder of the 80 Doe defendants and, recognizing that it could not quash the subpoenas issued by the court here, vacated the order allowing early discovery.

Ignoring this "fact," Bubble Gum's counsel filed and refiled a motion to compel without ever mentioning that the order in the underlying case that it relied upon to serve its subpoena and

---

[1] AF Holdings incorrectly refers to this case as *Nu Imagine [sic], Inc. v. Does 1-3,932*, 2:11-cv-00545-JES-SPC (M.D. Fla. May 8, 2012).

to file its motions to compel had been vacated.  If judicial notice of any "fact" pertaining to the conduct of litigation is appropriate, the July 19 Order is far more indicative of conduct that is a "sham" and in "bad faith."

Dated:  July 30, 2012

                                    Respectfully submitted,

                                    /s/  *John D. Seiver*
                                  John D. Seiver
                                  Leslie G. Moylan
                                  Lisa B. Zycherman
                                  **DAVIS WRIGHT TREMAINE LLP**
                                  1919 Pennsylvania Ave., N.W., Suite 800
                                  Washington, DC 20006
                                  (202) 973-4200

                                  *Counsel for Non-Party Comcast Cable*
                                  *Communications Management, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of July 2012, true and correct copies of the foregoing document was served via ECF upon all counsel of record:

Paul A. Duffy
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601

Benjamin J. Fox
Morrison & Foerster LLP
555 W. 5th Street
Los Angeles, CA 90013-1024

Bart W. Huffman
Locke Lord LLP
100 Congress Avenue, Suite 300
Austin, TX 78701

Mitchell L. Stoltz
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110-1914

Deanne E. Maynard
Tim A. O'Brien
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006-1888

Bradley C. Weber
Locke Lord LLP
701 8th Street, NW, Suite 700
Washington, DC 20001

Thomas P. Hartnett
1310 Pennsylvania Avenue, SE
Washington, DC 20003

/s/ *John D. Seiver*
John D. Seiver